## DeLUXE CHECK PRINTERS, INC. v. COMMISSIONER OF TAXATION.

203 N. W. 2d 341.

December 8, 1972—No. 43559.

*Warren Spannaus,* Attorney General, and *Louis Plutzer* and *Ronald S. London,* Special Assistant Attorneys General, for relator.

*Dorsey, Marquart, Windhorst, West & Halladay, John W. Windhorst, Jr.,* and *Michael Trucano,* for respondent.

KNUTSON, CHIEF JUSTICE.

Certiorari to review a decision of the Tax Court which reversed an order of the commissioner of taxation assessing a sales and use tax deficiency against respondent. The case was submitted to the Tax Court and is submitted here on the following stipulation of facts:

"I.

"Appellant is a corporation organized and existing under the laws of the State of Minnesota. Its principal business office is at 2199 North Pascal Avenue, Saint Paul, Minnesota 55113. It holds, and did hold during the entire taxable period, Minnesota sales and use tax permit No. 8063551.

"II.

"Appellant is engaged in the manufacture of check blanks and other printed forms for sale to banks and their customers. It operates 24 manufacturing plants in 19 states, including Minnesota.

"III.

"A substantial portion of the printing, packaging, and conveyor equipment employed by Appellant in its manufacturing plants is especially designed, fabricated, and assembled for Appellant by its Engineering and Machine Development Department (EMD). EMD's operations are conducted wholly within Minnesota. EMD is not incorporated separately from Appellant.

"IV.

"In performing its functions described in Paragraph III, EMD purchases varied items of tangible personal property which are incorporated in equipment which EMD manufactures within Minnesota for the purpose described in Paragraph III. These items are purchased both within and without Minnesota. They are utilized in the ordinary course of Appellant's business.

"V.

"Approximately 10 percent of the equipment manufactured by EMD is used by Appellant within Minnesota. The remainder of the equipment is, without prior use in Minnesota, shipped to Appellant's plants located outside Minnesota for use exclusively in those non-Minnesota plants, and not thereafter returned to Minnesota except in the course of interstate commerce.

"VI.

"By his Order of July 3, 1969, Appellee has determined: (a) that all of the purchases described in Paragraph IV made by

EMD within Minnesota are subject to sales tax, regardless of whether the equipment into which the purchased items are incorporated is thereafter (i) used within Minnesota, or (ii) without prior use in Minnesota, shipped to Appellant's plants located outside Minnesota and not thereafter returned to Minnesota except in the course of interstate commerce; (b) that all of the purchases described in Paragraph IV made by EMD without Minnesota and incorporated in equipment thereafter used by Appellant within Minnesota are subject to use tax; and (c) that all of the purchases described in Paragraph IV made by EMD without Minnesota and incorporated in equipment which, without prior use in Minnesota, is shipped to Appellant's plants located outside Minnesota and not thereafter returned to Minnesota except in the course of interstate commerce, are exempt from use tax.

"VII.

"Pursuant to the determinations described in Paragraph VI, Appellee has by his Order of July 3, 1969, assessed a sales and use tax deficiency against Appellant in the total amount of $26,799.80, plus interest. Of the total assessed tax, the following amounts are attributable to each of the categories enumerated in Paragraph VI: (a) (i), $2,527.06; (a) (ii), $22,509.19; and (b), $1,763.55. The deficiencies determined with respect to categories (a) (i) and (b) are correct. At issue in this appeal is the correctness of the deficiency determined with respect to category (a) (ii).

"VIII.

"Appellant has neither applied for nor received any credit against its use tax liability to other states with respect to any alleged Minnesota sales tax liability involving purchases within category (a) (ii) or the equipment into which the purchased items are incorporated."

The only question involved in this appeal is whether sales or use tax may be imposed on purchases of items made within the State of Minnesota and incorporated into equipment which, without prior use in Minnesota, is transported to destinations out-

side the state and not thereafter returned to a point within this state except in the course of interstate commerce.

A use tax is imposed by Minn. St. 297A.14 on property within the State of Minnesota in lieu of a sales tax when the sales tax has not been paid. The appeal to the Tax Court in this case was from the imposition of a use tax, and there has been some discussion in the briefs and in the opinion of the Tax Court as to whether a sales tax or a use tax is involved. We think it makes no difference, as far as this appeal is concerned, whether a sales tax or a use tax is involved for the reason that if the property is exempt from a sales tax, a use tax imposed in lieu of such sales tax can have no more validity than the sales tax would have. Whether or not an exemption exists depends on construction of Minn. St. 297A.25, subd. 1(d), which exempts from sales and use tax:

"The gross receipts from the sale of tangible personal property, the ultimate destination of which is outside the state of Minnesota and which is not thereafter returned to a point within Minnesota except in the course of interstate commerce."

Decision must rest on the interpretation of the words "ultimate destination." It is the contention of the commissioner that ultimate destination must be viewed from the standpoint of the vendor and means the place of delivery, which in this case was within the State of Minnesota. On the other hand, it is the contention of taxpayer that ultimate destination means the place where the finished product is finally put to use, which was outside the State of Minnesota.

We have today determined this question adversely to the contentions of the commissioner in Sellner Mfg. Co. Inc. v. Commr. of Taxation, 295 Minn. 71, 202 N. W. 2d 886 (1972), heard contemporaneously with the instant case. We there held that ultimate destination, as used in § 297A.25, subd. 1(d), "is the point at which the first beneficial use is made of the sale property." 295 Minn. 75, 202 N. W. 2d 889. Of course, the statute also requires that the property be "not thereafter returned to a point

within Minnesota except in the course of interstate commerce." The property involved in the instant case qualifies for exemption under this provision and Sellner is controlling of the issue involved here. It follows that the decision of the Tax Court should be affirmed.

Affirmed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.