120

# CAROLYN M. RILEY v. HENRY ARTHUR LAKE AND ANOTHER.

223 N. W. 2d 413.

November 8, 1974—No. 44514.

*MacDonald, Munger & Fillenworth* and *A. Blake MacDonald,* for appellant.

*Johnson, Fredin, Killen, Thibodeau & Seiler, John J. Killen,* and *Robert C. Falsani,* for respondents.

Heard before Rogosheske, Peterson, MacLaughlin, Scott, and Knutson, JJ., and considered and decided by the court en banc.

Scott, Justice.

This is an appeal from an order denying plaintiff's motion for a new trial and from the judgment entered pursuant to the court's order. We affirm.

The action arose out of an intersection collision between an automobile driven by plaintiff, Carolyn M. Riley, and one driven by defendant Henry Arthur Lake and owned by his father, defendant Elmer H. Lake. The case was originally tried before the district court and a jury, which found that plaintiff was not negligent, that the negligence of defendant driver caused the accident, and that plaintiff sustained damages in the amount of $15,500. Upon appeal by defendants, this court granted a new trial on the sole issue of liability and affirmed the award of damages. Riley v. Lake, 295 Minn. 43, 203 N. W. 2d 331 (1972).

Upon remand, a jury found that defendant was negligent in the operation of his automobile and that such negligence was the proximate cause of the accident. The jury found further, after being instructed that plaintiff was causally negligent as a matter of law, that the negligence should be apportioned at 50 percent for defendant and 50 percent for plaintiff. Based on these findings, the court ordered judgment for defendants.

The facts were discussed thoroughly by this court upon the first appeal. Riley v. Lake, *supra.* Essentially, the collision occurred as plaintiff was traveling north and defendant was moving west, both traveling at approximately the same lawful speed. Testimony of an eyewitness indicated that defendant struck plaintiff as the latter was moving through the intersection.

Upon the first appeal, this court concluded that it was not convinced that the jury was correct in finding that plaintiff was free of negligence, so as to attribute 100 percent of the causal negligence to defendant. The court then stated that the new trial should include jury instructions "that plaintiff was guilty of negligence as a matter of law and that, if the jury finds defendant guilty of negligence, they should then determine the percentage

of the causal negligence of the parties." 295 Minn. 58, 203 N. W. 2d 340.

Upon remand, the lower court instructed the jury as follows:

"The Court is of the view that defendant Lake has proved that plaintiff Carolyn Riley was negligent and that her negligence was a direct cause of the accident. The Court now instructs you that plaintiff Carolyn Riley was negligent as a matter of law in violating the right-of-way statute which I have just read to you in that she failed to yield the right-of-way to defendant Henry Lake under the circumstances then and there existing. You are also instructed that as a matter of law such negligence was a direct cause of the accident.

\* \* \* \* \*

"Now, question number 3 is: 'Was plaintiff Carolyn M. Riley negligent in the operation of her automobile at or about the time of the accident? Answer: Yes or no'; and the Court has there inserted the answer 'yes'. I have already advised you why and on what ground the Court was of the view that plaintiff was negligent.

"Question number 4: 'If the previous question is answered "yes", then answer the following question: Was such negligence the direct cause of the accident? Answer: Yes or no'. The Court has already inserted the answer 'yes' there, having ruled as a matter of law she was negligent and that such negligence was a direct cause of the accident."

Minn. St. 169.20, subd. 1, provides in pertinent part:

"When two vehicles enter an uncontrolled intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

On the earlier appeal, this court, after examining testimony of a police officer, concluded that any negligence of defendant may not be used to excuse plaintiff's failure to yield the right-of-way and maintain a proper lookout. The court also discussed

plaintiff's contention that her entry into the intersection before defendant's would dispense with an invocation of the right-of-way statute. The court concluded that inasmuch as the two vehicles approached or entered the intersection at approximately the same time, the entrance of one automobile slightly before the other was "without legal significance." 295 Minn. 51, 203 N. W. 2d 336. The inescapable conclusion of the court was that "plaintiff simply failed to yield the right-of-way when the cars were in the danger zone" and that to allow evasion of the rule would effectively destroy the "protection intended by the statute." 295 Minn. 52, 203 N. W. 2d 337.

The main contention of plaintiff upon this second appeal is that, although this court did instruct the trial court that the actions of plaintiff established that she was negligent as a matter of law, such an instruction does not carry with it the ultimate conclusion that such negligence was a proximate cause of the accident. Under the facts of this case, that contention is without merit. Upon the first appeal, we explicitly discussed the theory of negligence applied here and were faced with an issue of first impression in the treatment of the apportionment of negligence, under the theory of comparative negligence, where it appeared that one of the parties was guilty of negligence as a matter of law. We concluded that, in all but those rare cases where there is no dispute in the evidence and the factfinder could come to only one conclusion, the apportionment of negligence should be left to the jury. Therefore, "the jury should be instructed that plaintiff was guilty of negligence as a matter of law and that, if the jury finds defendant guilty of negligence, they should then determine the percentage of the causal negligence of the parties." 295 Minn. 58, 203 N. W. 2d 341. Implicit in the language utilized is that there would be no issue regarding apportionment of causal negligence were we not holding plaintiff causally negligent as a matter of law. Any other interpretation of our holding upon the first appeal would find the jury apportioning defendant's causal negligence, if any, with his alone. In other words, defend-

ant would remain 100-percent causally negligent and this court's ruling would have no effect.

This ruling is made upon the particular facts and record of this case and is not intended to imply that all findings of negligence as a matter of law necessarily determine causal negligence with only the question of apportionment to be decided. Under the evidence here, however, these concurrent findings are necessitated.

The order of the lower court denying plaintiff's motion for a new trial and the judgment are affirmed.

Affirmed.