269 N.W.2d 360 (1978)
In re Matter of AWARD OF ATTORNEY'S FEES.
Arlene ROCK, Relator,
v.
BLOOMINGTON SCHOOL DISTRICT # 271 et al., Respondents.
Aetna Life and Casualty Company, Respondent.
No. 48016.
Supreme Court of Minnesota.
July 28, 1978.
*361 Schermer, Schwappach, Borkon & Ramstead, and John D. Mariani, Minneapolis, for relator.
Warren Spannaus, Minnesota Atty. Gen., Winston Ehlmann, Asst. Atty. Gen., St. Paul, for amicus curiae.
Murnane, Murnane, Conlin & White and Lance B. Nyberg, St. Paul, for respondents.
Considered and decided by the court without oral argument.
PER CURIAM.
In this case the employee, on behalf of her attorney, seeks review of an order of Deputy Commissioner of Labor and Industry Raymond O. Adel which awarded the attorney fees for legal services related to employee's workers' compensation claims.[1] We remand the matter for clarification of the bases on which the order was made.
The record discloses that the employee sustained a work-related injury to her back, neck, shoulders, and arms in September 1975. After denial of liability by the employer-insurer on the ground that no injury had occurred in the course of her employment, her attorney, John D. Mariani, prepared and filed a claim petition seeking compensation for temporary total disability. In January 1976 the parties executed a stipulation for settlement under which the employer-insurer agreed to pay temporary total disability benefits from September 11, 1975, at the rate of $80.75 per week until employee was again gainfully employed and also to pay medical expenses incurred to that date, with claims for future medical care left open. The stipulation also provided that 25 percent of the benefits should be paid directly to Mariani. He filed the stipulation and a petition for attorneys fees of $3,187.50, representing 42½ hours at a rate of $75 per hour, with the Workers' Compensation Division.
On February 12, 1976, the stipulation was approved by Deputy Commissioner Raymond O. Adel and James Otto, chief attorney for the division, with the exception of the provision relating to attorneys fees. Determination of attorneys fees was deferred in order to learn whether employee was claiming an award under § 176.081, subd. 7.[2] She did so and on March 18, 1976, Deputy Commissioner Adel ordered payment to Mariani of 25 percent of the first $4,000 of compensation payable to employee and 20 percent of compensation payable thereafter until a maximum of $2,500 in fees had been paid.
In November 1976 the insurer served and filed a notice of discontinuance of payments, based on a medical report expressing the opinion that employee had moderate degenerative arthritic changes in her spine compatible with her age and also had diabetes and a hysterical personality. Mariani, on employee's behalf, objected to the discontinuance of benefits and also filed a claim petition on January 5, 1977, seeking compensation for 25-percent permanent *362 partial disability of the spine and 10-percent permanent partial disability of the left leg. The employer-insurer denied liability, but on January 11, 1977, the parties again entered into a stipulation of settlement which provided that employee would receive a lump-sum payment of 208 weeks of temporary total disability benefits at the weekly rate of $80.75 as adjusted pursuant to § 176.645 and a further lump-sum payment representing compensation for 17½-percent permanent partial disability of the spine and 5 percent of such disability of the left leg, increased under the schedule for simultaneous injuries, for 83.09 weeks at the weekly rate of $80.75. The stipulation barred future claims for temporary total disability and for permanent partial disability in the amounts claimed in the claim petition, but did not foreclose claims for permanent partial disability in excess of those amounts, permanent total disability, retraining, and future medical expenses. It provided that 25 percent of the first $4,000 recovered as disability benefits and 20 percent of the succeeding $20,000 would be paid to Mariani for his legal services.
Mariani filed the stipulation and a petition for attorneys fees for $4,518.75, representing 60¼ hours of work at the rate of $75 per hour. In the petition he averred that "there is a serious question as to the employee's ongoing disability in view of the advanced stages of diabetes she has suffered for a number of years which has now resulted in peripheral neuropathy."
On April 17, 1977, Deputy Commissioner Adel and Mr. Otto issued an order approving the terms of the stipulation other than the provision for attorneys fees and ordering the specified payments to employee, one for $16,796 for temporary total disability, and one for $6,709.52 for permanent partial disability. From these amounts the employer-insurer was ordered to deduct $2,000 and pay that amount directly to Mariani for attorneys fees. The memorandum accompanying the order pointed out that Mariani had been awarded fees of $2,500 when the first stipulation for settlement had been approved and added:
"In this instance, though there was dispute, it does not appear that there was a severely strenuous dispute regarding the employee's entitlement to additional compensation, the major portion of the question revolved around how much additional compensation would be due.
"The employee's attorney has achieved a fair and reasonable settlement and in the opinion of the Deputy Commissioner an additional fee of $2,000.00 which will be paid in a lump sum is fair and reasonable considering all of the aspects of the legal representation as indicated in M.S. 176.081."
Mariani objected to the amount awarded, informing the deputy commissioner that he had received only $1,124.63 of the $2,500 awarded when the first stipulation had been approved. He added that the insurer had not fully appreciated a serious medical issue and that through his own skill and considerable effort he had achieved "a very favorable settlement to the employee." He stated his belief that the maximum attorneys fees should be awarded. In response, Deputy Commissioner Adel ordered that an additional $750 be paid Mariani "as and for reasonable attorney fees" in view of the fact he had previously received only $1,124.53 of the $2,500 awarded when the first settlement had been approved. He made no other explanation for awarding that additional amount. Mariani contends here that the total fees awarded him were essentially determined only on the ground that there was not a "severely strenuous dispute" about employee's right to receive more compensation and that the award was arbitrary and unwarranted by the evidence. He asks that this court increase the award.
We would be reluctant to set the exact amount of attorneys fees to be awarded in any compensation case, both because in our view it is impossible to say that only one figure represents a proper award and because § 176.081 contemplates that attorneys fees in compensation cases be set by the Workers' Compensation Division employees therein named or the commissioner of the Department of Labor and Industry. In this *363 case, however, review of the file in the light of the provisions of § 176.081 compels the conclusion that it does not contain "fully adequate information to justify the fee" that was determined, as is required by § 176.081, subd. 5(g).
We have not previously considered the issue raised here,[3] but at the outset we note that § 176.081 clearly has the aims both of protecting compensation claimants from excessive legal charges and at the same time of ensuring that their counsel receive reasonable fees for their services. The statute provides in pertinent part:
"Subdivision 1. No claim for legal services or disbursements pertaining to any demand made or suit or proceeding brought under the provisions of this chapter is an enforceable lien against the compensation or is valid or binding in any other respect unless approved in writing by the commissioner of the department of labor and industry, compensation judge, or worker's compensation court of appeals, if the claim arises out of a proceeding for compensation under this chapter * * *. A compensation judge shall in matters before him have authority to approve a fee of up to 25 percent of the first $4,000 of compensation awarded to the employee and up to 20 percent of the next $20,000 of compensation awarded to employee. The worker's compensation court of appeals judge shall have authority only to approve fees in settlements upon appeal before them up to 25 percent of the first $4,000 of compensation awarded to the employee and up to 20 percent of the next $20,000 of compensation awarded to the employee. * * *
"Subd. 2. Any application for attorney fees in excess of the amount which a compensation judge or the worker's compensation court of appeals may authorize shall be made to the commissioner of labor and industry.
* * * * * *
"Subd. 5. In the determination of the reasonable value of attorney fees arising out of a claim or proceeding under this chapter, the following principles are to be applied:
"(a) The fee in each individual case must be a reasonable one.
"(b) There is no set standard fee to be awarded in any workers' compensation matter.
"(c) No attorney-client fee contract or arrangement is binding in any workers' compensation matter.
"(d) In determining a reasonable attorney fee, important factors to be taken into account are: the amount involved, the time and expenses necessary to prepare for trial, the responsibility assumed by counsel, the difficulties of the issues involved, the nature of proof needed to be adduced and the results obtained. The amount of money involved shall not be the controlling factor.
"(e) The determination of the fee in each specific workers' compensation matter must be done with the same care as the determination of any other fact question in the matter.
"(f) The determiner of the attorney fee in each matter must ascertain whether or not a retainer fee has been paid to the attorney and if so, the amount of the retainer fee.
"(g) The determiner of attorney fees in each case must personally see that the workers' compensation file contains fully adequate information to justify the fee that is determined."
The employee's attorney contends that, contrary to the deputy commissioner's assessment, there was a "severely strenuous dispute" over the issue of whether employee was entitled to added compensation, both for temporary total and permanent partial disability. The action of the employer and insurer in discontinuing the compensation the employer and insurer had agreed to pay lends considerable support to this argument, although the relatively short time within which the second stipulation for settlement *364 was agreed upon does not. Assessment of the difficulty of the issues and indeed of what is a "reasonable" fee inevitably involves a subjective element, but § 176.081, subd. 5(g), required the deputy commissioner as the determiner of fees to furnish the factual bases for these assessments as far as possible. Some of the factors which subd. 5(d) requires be applied in determining whether a fee is reasonable are more objective  the amount involved, time and expense, the nature of proof required if the case had been tried, and the results obtained. There is no evidence of the weight given these factors by the deputy commissioner, although there was apparently no dispute about the time that Mariani spent on the case or the fact that he twice obtained favorable settlements for the employee. But aside from the reference in Deputy Commissioner Adel's memorandum to "considering all of the aspects of the legal representation as indicated in M.S. 176.081," the file does not aid in review of the fees awarded. We are required to conclude that it does not contain "fully adequate information" to justify the fee determination, as required by subd. 5(g).
We are informed by the attorney general as amicus curiae that the average hourly fee awarded in compensation matters is $50. Assuming this to be true  although the source of this assertion was not supplied, and § 176.081, subd. 5(b), states that there is "no set standard fee"  it is not apparent why Mariani received a total of $3,874.63 for over a hundred hours of work which resulted in settlements favorable to his client. There also appears to be an unexplained discrepancy in the record: Had the fee of $2,500 awarded after the first settlement been paid in full, this together with the award of $2,000 made in the order approving the second settlement would have resulted in total fees of $4,500. Instead Mariani received $1,124.63 for his work on the first settlement and fees of $2,750 following the second one, or a total, as stated, of $3,874.63.
Under the circumstances, we remand the matter to enable the deputy commissioner to reconsider his determination if he wishes or to furnish more adequate information justifying such action.
Remanded.
PETERSON, Justice (concurring specially).
I concur in the remand for the Deputy Commissioner to comply with the statutory mandate to state the basis upon which the attorney's fees were determined. I do not understand this disposition to imply any view by this court as to whether or not the determined fee was inadequate.
OTIS, Justice (concurring specially).
I join in the concurring opinion of Mr. Justice Peterson.
KELLY, Justice (concurring specially).
I join in the concurring opinion of Mr. Justice Peterson.
NOTES
[1] Minn.St. 176.081, subd. 4, provides for review by certiorari on the ground that the fee determination was arbitrary and unwarranted by the evidence.
[2] This provision permits an award to an employee against the insurer for 25 percent of that portion of the employee's attorneys fees in excess of $250.
[3] Our holding in Guerrero v. Wagner, 310 Minn. 351, 246 N.W.2d 838 (1976) applies only to fees determined before August 1, 1975, the effective date of L.1975, c. 359, § 7.