In re Matter of Petition of
ATTORNEY FEES.

Richard SCHANDER, Relator,

v.

NORTHERN STATES POWER COMPA-
NY, (self-insured), Respondent.

No. 48781.

Supreme Court of Minnesota.

May 11, 1979.

Schermer, Schwappach, Borkon & Ram-
stead and William M. Fishman, Minneapo-
lis, for relator.

Stephen C. Lapadat, Minneapolis, for re-
spondent.

PER CURIAM.

This case again raises the issue of wheth-
er an award of fees to an attorney for legal
services to a workers' compensation claim-
ant was arbitrary and unwarranted by the
evidence. Our review of the file satisfies us
that it was not.

Employee sustained a work-related injury
in September 1975 for which the employer
paid him temporary total disability compen-
sation until February 24, 1976. It then
filed notice of intention to discontinue the
payments, so employee retained Attorney
John D. Mariani to assist him in obtaining
the compensation to which he was entitled,
agreeing to pay him 25 percent of any
additional amounts he received. In May
and June 1976, Mariani and the employer's
attorney negotiated a settlement under
which employee was to receive $135 per
week as long as he remained temporarily
totally disabled. When seeking approval of
the settlement by the Workers' Compensa-
tion Division, Mariani filed a petition for
attorneys fees stating he had worked 46¼
hours, for which he charged $75 per hour or
a total of $3,468.75, and had incurred costs
of $43.99. Deputy Commissioner Raymond
O. Adel approved the settlement and issued
an award incorporating its provisions for
compensation on August 30, 1976. The
award also provided that Mariani be paid 25
percent of the first $4,000 paid employee
and 20 percent of the next $20,000 until
Mariani had received a total fee of $4,000.

In July 1977 Mariani filed a claim on
employee's behalf seeking compensation for
permanent partial disability. In response
the employer, admitting that employee's in-
jury arose out of and in the course of his
employment, put employee to "strict proof"
of the extent of any permanent partial dis-
ability. Ultimately Mariani and the em-
ployer's counsel again negotiated a settle-
ment, under which employee was to receive
$13,600 for permanent partial disability,
computed on percentages of disability some-
what less than employee had claimed but
increased by the simultaneous injury provi-
sion in § 176.101, subd. 3(46). Mariani filed
the proposed settlement and a petition for
attorneys fees stating that he had worked
48¾ hours and had incurred costs of $260.
Again at an hourly rate of $75, he request-
ed fees totaling $3,656.25 and his costs.
Deputy Commissioner Adel approved the
proposed settlement and issued an award
ordering payment of compensation pursu-

ant to its terms on March 20, 1978. In the award he also ordered payment of an additional $1,000 to Mariani. Although the fees ordered in both awards thus pay Mariani for his services at a rate of almost $50 an hour, in this court Mariani contends that the amount awarded is so insufficient that it must be increased by this court as a matter of law.

In *Rock v. Bloomington School Dist. No. 271*, 269 N.W.2d 360 (Minn.1978), also involving the issue of whether an award of attorneys fees to Mariani was arbitrary and unwarranted by the evidence, we expressed our reluctance to establish the exact amount of attorneys fees in compensation cases, both because there is necessarily a range within which an award would be proper in any case and because Minn.St. 176.081 contemplates that such fees be set in the manner directed therein.[1] We also

recognized in that case that § 176.081 has the dual purposes both of protecting compensation claimants from excessive charges for legal services and ensuring their counsel reasonable fees for their work.

In *Rock* our review of the file, including the memorandum appended to the final order setting attorneys fees, led us to conclude that the deputy commissioner had not complied with § 176.081, subd. 5(g), because the file did not contain "fully adequate information to justify the fee" awarded. In this case Deputy Commissioner Adel's memorandum is somewhat more helpful and establishes that he applied the factors listed in § 176.081, subd. 5(d).[2] Our review also of the documents in the file requires us to agree with his assessment that the case did not present circumstances or issues so exceptional that fees would not be reasonable unless they exceeded the maximum

1. Minn.St. 176.081 provides in pertinent part: "Subdivision 1. No claim for legal services or disbursements pertaining to any demand made or suit or proceeding brought under the provisions of this chapter is an enforceable lien against the compensation or is valid or binding in any other respect unless approved in writing by the commissioner of the department of labor and industry, compensation judge, or workers' compensation court of appeals, if the claim arises out of a proceeding for compensation under this chapter * * *. A compensation judge shall in matters before him have authority to approve a fee of up to 25 percent of the first $4,000 of compensation awarded to the employee and up to 20 percent of the next $20,000 of compensation awarded to employee. The workers' compensation court of appeals judge shall have authority only to approve fees in settlements upon appeal before them up to 25 percent of the first $4,000 of compensation awarded to the employee and up to 20 percent of the next $20,000 of compensation awarded to the employee. * * *

"Subd. 2. Any application for attorney fees in excess of the amount which a compensation judge or the workers' compensation court of appeals may authorize shall be made to the commissioner of labor and industry.
* * * * * *

"Subd. 5. In the determination of the reasonable value of attorney fees arising out of a claim or proceeding under this chapter, the following principles are to be applied:

"(a) The fee in each individual case must be a reasonable one.

"(b) There is no set standard fee to be awarded in any workers' compensation matter.

"(c) No attorney-client fee contract or arrangement is binding in any workers' compensation matter.

"(d) In determining a reasonable attorney fee, important factors to be taken into account are: the amount involved, the time and expenses necessary to prepare for trial, the responsibility assumed by counsel, the difficulties of the issues involved, the nature of proof needed to be adduced and the results obtained. The amount of money involved shall not be the controlling factor.

"(e) The determination of the fee in each specific workers' compensation matter must be done with the same care as the determination of any other fact question in the matter.

"(f) The determiner of the attorney fee in each matter must ascertain whether or not a retainer fee has been paid to the attorney and if so, the amount of the retainer fee.

"(g) The determiner of attorney fees in each case must personally see that the workers' compensation file contains fully adequate information to justify the fee that is determined."

2. "Attorney fees in the amount of $1,000.00 are determined to be reasonable considering the fact that primary liability for the injury had already been established and Attorney Mariani is receiving attorney fees from continuing disability benefits payable to the employee subject to a maximum attorney fee of $4,000.00. Also considered in determining the reasonableness of the attorney fees were the time normally required in proving up such cases, the complexity of the legal issues involved, the nature of proof needed to be adduced, and the results obtained."

amounts set forth in § 176.081, subd. 1, to govern in ordinary cases. Although Mariani's basic contentions appear to be that attorneys fees of $75 an hour are reasonable and that such fees could properly be the amount set forth in the retainer agreement (25 percent of the compensation awarded the employee), § 176.081 does not support those claims. Instead, subd. 5(b) of that statute provides that there is no standard fee in compensation cases and subd. 5(c) provides that no attorney-client contract relating to fees is binding in compensation matters.

We conclude that the fees awarded must be upheld as reasonable and within the discretion vested in the commissioner of the Department of Labor and Industry by § 176.081, subd. 2.

Affirmed.