James R. BETTENBURG, Relator,

v.

WORKERS' COMPENSATION DIVISION, DEPARTMENT OF LABOR AND INDUSTRY, Respondent,

and

Christopher A. ROSS, Respondent,

v.

HALVORSON CONSTRUCTION and Great American Insurance Company, Respondents.

No. 82-590.

Supreme Court of Minnesota.

Dec. 3, 1982.

Bertie Bettenburg & Strong, St. Paul, for relator.

Workers' Compensation Div., Dept. of Labor & Industry, St. Paul, for Workers' Compensation Div., Dept. of Labor and Industry.

Christopher A. Ross, pro se.

Karen C. Shimon, Minneapolis, for Halvorson Const. and Great American Ins. Co.

KELLEY, Justice.

Relator seeks review of an order of the Workers' Compensation Court of Appeals denying his application for attorney fees of $5,000 and costs of $150 on the grounds that Minn.Stat. § 176.081, subd. 2 (Supp.1981) did not permit that court to act on the application and that it lacked jurisdiction to award the requested fees. We reverse.

The facts need not be detailed beyond stating that relator represented an injured employee and obtained a settlement of more than $39,000 for disputed claims for permanent partial disability, retraining benefits, books and supplies, and mileage. Prior to submission of the settlement to the Workers' Compensation Division for approval, relator filed an application for attorney fees of $5,000 and costs of $150 which he had advanced for a medical conference and report. The compensation judge to whom the settlement was submitted approved it and awarded compensation benefits based thereon but determined that relator was entitled to $3,000 for attorney fees and costs. Relator then applied to the Court of Appeals, allegedly pursuant to section 176.081, subd. 2, for the fees and costs he had initially requested. As stated, that court denied his application.

Examination of Minn.Stat. § 176.081, subds. 1 and 2 (Supp.1981) compels our agreement with the Court of Appeals' interpretation of subdivision 2. Minn.Stat. § 176.081, subd. 1 (Supp.1981) provides in part:

The division [Workers' Compensation Division], a compensation judge, a judge of

the district court or the workers' compensation court of appeals shall in matters before them, including settlement proceedings, have authority to approve a fee of up to 25 percent of the first $4,000 of compensation awarded to the employee and up to 20 percent of the next $27,500 of compensation awarded to employee.

Minn.Stat. § 176.081, subd. 2 (Supp.1981) provides in part:

> Any application for attorney fees *in excess of the amount authorized in subdivision 1* shall be made to the workers' compensation court of appeals. (Emphasis added.)

The fees relator requested were not "in excess of the amount authorized in subdivision 1," so subdivision 2 does not empower the Court of Appeals to award them.

Turning to the second ground for denial of relator's application, we do not agree that the Court of Appeals lacks jurisdiction to review the fee awarded by the compensation judge. A statute which made such a determination conclusive even if the fee awarded plainly did not compensate an attorney fairly for his services would probably be violative of due process. It would seem highly unlikely that the legislature had intended such a result, and section 176.-081 as a whole clearly suggests the contrary.

We have recognized that section 176.081 plainly evinces legislative intent both to protect compensation claimants from excessive legal charges and to ensure that attorneys who devote time, skill and effort to enforce their clients' rights to compensation receive reasonable fees for their services. *In re Matter of Award of Attorney's Fees*, 269 N.W.2d 360, 363 (Minn.1978). The legislature recognized the difficulty of determining when a fee is reasonable and in section 176.081, subd. 5, explicitly set forth principles to be applied in that task. If no review could be obtained of a compensation judge's fee award merely because it was an amount authorized by section 176.081, subd. 1, there would be no way of requiring compliance with subd. 5. The language employed in section 176.081, subd. 3, makes it clear, however, that the legislature reposed jurisdiction in the Court of Appeals with respect to attorney fee questions. That provision states in part:

> The workers' compensation court of appeals shall have the authority to raise the question of the issue of the attorney fees at any time upon its own motion and *shall have continuing jurisdiction over attorney fees.* (Emphasis added.)

In light of that grant of jurisdiction, we reverse the determination that the Court of Appeals had no jurisdiction in this matter and remand with directions that it treat relator's application for attorney fees of $5,000 and costs of $150 as an appeal from the compensation judge's award, review that award to determine whether it is in fact in compliance with section 176.081, and modify it if necessary to conform with the statute.

Reversed and remanded.

YETKA, J., took no part in the consideration or decision of this case.