**Wayne Burton PRUSZINSKE, petitioner, Respondent,**

v.

**STATE of Minnesota, COMMISSIONER OF HIGHWAYS, STATE DEPARTMENT OF PUBLIC SAFETY, Appellant.**

No. C2–82–1428.

Supreme Court of Minnesota.

March 25, 1983.

Hubert H. Humphrey, III, Atty. Gen., and Norman B. Coleman, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Brian J. Peterson, Brooklyn Park, for respondent.

PETERSON, Justice.

This appeal by the Commissioner of Public Safety raises the issue of whether the district court can issue a limited driver's license over the objection of the commissioner in a case in which the commissioner "canceled" the driver's license pursuant to Minn.Stat. §§ 171.04(8) and 171.14 (1982).

Wayne Burton Pruszinske works for the City of Eden Prairie, Department of Public Works, a job that involves driving a snowplow in the winter and mowing grass in the summer.

His privileges were revoked by the commissioner for four different violations between 1977 and 1980, two times following convictions for D.W.I. and two times for violating the implied consent law. Following the 1980 incident, his license was canceled by the commissioner and he was denied all driving privileges on the ground that allowing him to drive would be "inimical to public safety or welfare." Minn.Stat. §§ 171.04(8) and 171.14 (1982). His privileges were reinstated in December of 1980, after he completed a treatment program and 6 months of verified total abstinence and after he promised to abstain from drinking in the future.

On April 8, 1982, he was charged again with D.W.I. after being arrested and tested at .18 percent. The commissioner immediately canceled his license pursuant to sections 171.04(8) and 171.14. A revocation order under section 169.123, the implied consent statute, became effective on March 17, 1982, after the petitioner stated that he was not contesting it.

Thereafter, he petitioned for reinstatement. On July 12, 1982, the district court denied the petition.

Subsequently Pruszinske petitioned for rehearing and/or a limited driver's license. By order dated September 14 and filed September 15, the district court issued a limited license allowing him to drive to and from work, to drive in connection with his work, and to drive to and from AA meetings.

1. The issue to which the commissioner directs most of his attention is whether the issuance of a limited license was authorized by Minn.Stat. § 171.30 (1980). That statute provides:

Subdivision 1. In any case where a person's license has been suspended under section 171.18 or revoked under sections 169.121 or 171.17, if the driver's livelihood or attendance at a chemical dependency treatment or counseling program depends upon the use of his driver's license, the commissioner may at his own discretion *and shall upon recommendation by the court excluding justices of the peace in*

*which the driver was convicted,* issue a limited license to the driver. The commissioner in issuing a limited license may impose such conditions and limitations as in his judgment are necessary to the interests of the public safety and welfare including re-examination as to the driver's qualifications. The license may be limited to the operation of particular vehicles, to particular classes and times of operation and to particular conditions of traffic.

The limited license issued by the commissioner shall clearly indicate the limitations imposed and the driver operating under the limited license shall have the license in his possession at all times when operating as a driver.

In determining whether to issue a limited license, the commissioner shall consider the number and the seriousness of prior convictions and the entire driving record of the driver and shall consider the number of miles driven by the driver annually.

Subd. 2. A limited license shall not be issued for a period of 60 days to an individual who has had his license or privilege revoked or suspended for commission of the following offenses:

(a) Manslaughter or criminal negligence resulting from the operation of a motor vehicle.

(b) Any felony in the commission of which a motor vehicle was used.

(c) Failure to stop and disclose identity as required under the laws of this state, in the event of a motor vehicle accident resulting in the death of personal injury of another.

Subd. 3. The commissioner shall issue a limited license restricted to the vehicles whose operation is permitted only under a Class A or Class B license whenever a Class A or Class B license has been suspended under section 171.18, or revoked under section 171.17, for violation of the highway traffic regulation act committed

in a private passenger motor vehicle. This subdivision shall not apply to any persons described in section 171.04, clauses (4), (5), (6) and (9).[1]

The commissioner argues that the district court had no authority to order him to issue a limited license in this case. The commissioner interprets section 171.30, subdivision 1, as authorizing the issuance of a limited license only in a case where the driver's license has been "suspended" under section 171.18 or "revoked" under sections 169.121 or 171.17. He argues that if section 171.30 —or section 169.123, subdivision 9, which deals with issuance of limited license where the driver's license has been revoked pursuant to section 169.123—does not authorize the issuance of a limited license, then such a license cannot be issued. The commissioner's argument is that Pruszinske's license was not suspended under section 171.18 and was not revoked under sections 169.121, 169.123 or 171.17. Rather, he argues, Pruszinske's license was not "revoked" or "suspended" but was "canceled."

The "cancellation" was done pursuant to sections 171.14 and 171.04(8). Section 171.-14 provides, in part, that the commissioner may "cancel the driver's license of any person who, at the time of cancellation, would not have been entitled to receive the license under the provisions of section 171.04." Section 171.04(8) provides in part that the department shall not issue a license "(8) To any person when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare." Pointing out that the driver's license in this case was "canceled" pursuant to these provisions, the commissioner argues that the provisions authorizing issuance of a limited license in the case of "suspension" or "revocation" do not apply.

We do not agree with the commissioner's interpretation of section 171.30 because, if a driver whose license has been "canceled" pursuant to section 171.14 and 171.04 is in a

---

1. The 1982 legislature struck the underlined words from the statute. Act of March 19, 1982, ch. 423, §§ 12, 15, 1982 Minn.Laws 288, 299–300, effective July 1, 1982. This case is governed by the statute as it read prior to the 1982 amendment.

different category, to which section 171.30 does not apply, then the legislature would not have felt obliged to explicitly state that the provisions of subdivision 3 of section 171.30 "shall not apply to any persons described in Minnesota Statutes Section 171.04, Clauses (4), (5), (6) and (9)."

2. Our rejection of the commissioner's interpretation does not mean that the district court's order must be affirmed. As we interpret the statutes, section 171.30 would not apply to a revocation pursuant to section 169.123; instead, the limited license provisions of section 169.123, subdivision 9, would apply. Section 169.123, subdivision 9, does not give the court any authority to order the commissioner to issue a limited license in a case in which the license had been revoked pursuant to section 169.123.[2] However, if we were to conclude that the commissioner's refusal to issue a limited license was an abuse of discretion, then we could sustain the district court's order requiring the issuance of the limited license in this case. *Cf., Pierce v. State,* 304 N.W.2d 332 (Minn.1981).

The commissioner's argument that he did not abuse any discretion that he had in refusing to issue a limited license is based on the fact that the refusal was pursuant to regulations that the commissioner has issued prohibiting the issuance of a limited license in this situation. 11 M.C.A.R. § 1.4089(b). In other words, in all cases in the category in which Pruszinske finds himself, the commissioner has a policy against issuing a limited license, regardless of the need for such a license or the hardship caused by not granting such a license. Without implying that following this policy will never constitute an abuse of the discretion given the commissioner by the legislature, we simply hold that following the policy in this case did not constitute an abuse of discretion.

Under the circumstances, the district court's order must be reversed.

Reversed.

---

**2.** Authorization of a limited license to such a person used to be covered by section 171.30 but that language was removed from section 171.30 in 1978 and subdivision 9 was added to

section 169.123. Act of April 5, 1978, ch. 727, sections 3, 10, 1978 Minn.Laws 788, 791, 796, 799, effective September 1, 1978.