**Mitchell Junior SULLIVAN, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C9–85–100.**

Court of Appeals of Minnesota.

July 23, 1985.

John P. Sheehy, Minneapolis, for respondent.

Hubert H. Humphrey, III, State Atty. Gen., Jeff Bilcik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and RANDALL, JJ.

## OPINION

FOLEY, Judge.

Appellant Commissioner of Public Safety appeals from an order of the trial court ordering the issuance of a limited license for work-related driving and driving, if necessary, to and from chemical dependency counseling or treatment. We affirm in part and reverse in part.

## FACTS

On September 29, 1984, respondent Mitchell Junior Sullivan was charged with a DWI violation. He refused to submit to testing and his license was revoked effective October 6, 1984, pursuant to Minn.Stat. § 169.123 (1984), the Implied Consent Statute.

Prior to 1984, Sullivan's driver's license had been revoked under the DWI/Implied Consent laws on January 28, 1974, March 22, 1974, and November 24, 1980. Sullivan has been a truck driver for approximately 32 years, holds a Class A driver's license and has never received a ticket for traffic violations while driving for work.

As a result of his driving record, the Commissioner cancelled Sullivan's driving privileges under Minn.Stat. § 171.14 (1984), and indefinitely denied his license as inimical to the public safety under Minn.Stat. § 171.04(8) (1984). The Commissioner refused to grant Sullivan a limited license.

On October 10, 1984, Sullivan petitioned for reinstatement of his license, seeking a limited license for work purposes. Sullivan's employment is contingent on his retention of his Class A privileges. That same day the trial court, by an ex parte order, directed the Commissioner to issue a limited driver's license for work purposes only.

A hearing was held on November 15, 1984. By order dated December 12, 1984, the trial court held that although the cancellation and denial of Sullivan's regular driving privileges is supported by the evidence, the Commissioner's denial of a limited license pursuant to Minn.Stat. § 171.03, subd. 3 (1984), was arbitrary. The trial court ordered the issuance of a limited license for work-related driving and driving, if necessary, to and from chemical dependency counseling or treatment. Judgment was entered on December 12, 1984.

## ISSUES

Did the trial court err in ordering the Commissioner of Public Safety to issue Sullivan a limited license:

1. For work-related purposes; and

2. To and from chemical dependency treatment?

## ANALYSIS

### I

Sullivan was denied limited driving privileges under Minn.Stat. § 171.04(8) (1984), which provides:

The department shall not issue a driver's license hereunder:

\*　　\*　　\*　　\*　　\*　　\*

(8) To any person when the commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare \* \* \*.

*Id.* Minn.Rules 7412.1100, subpt. 2 (1983), provides:

If the revocation relates to the fourth or subsequent violation on the licensee's record, no limited license may be issued. All driving privileges shall be denied under authority of Minnesota Statutes, section 171.04, clause (8), until such time as rehabilitation has been established as provided in part 7412.0400.

*Id.* A license includes a limited license for these purposes. Minn.Stat. § 171.01, subd. 14 (1984).

Sullivan has the burden of showing that the Commissioner's action in refusing to issue a limited license was arbitrary, unreasonable and constituted an abuse of discretion. *McIntee v. State, Department of Public Safety,* 279 N.W.2d 817, 821 (Minn.1979); *Antl v. State, Department of Public Safety,* 353 N.W.2d 240, 242 (Minn.Ct.App.1984). If the Commissioner abused its discretion in refusing to issue a limited license under section 171.-30, the trial court "would be authorized to order the commissioner to issue a limited license." *State v. Hanson,* 356 N.W.2d 689, 693 (Minn.1984).

In granting a limited license, the trial court relied on section 171.30, subd. 3, which provides:

The commissioner *shall* issue a limited license restricted to the vehicles whose operation is permitted only under Class A or Class B license whenever a Class A or Class B license has been suspended under section 171.18, or revoked under section 171.17, for violation of the highway traffic regulation act *committed in a private passenger motor vehicle.* This subdivision shall not apply to any persons described in section 171.04, clauses (4), (5), (6) and (9).

Minn.Stat. § 171.30, subd. 3 (1984) (emphasis added).[1] The issuance of limited licenses pursuant to section 171.30 applies to cancellations under sections 171.04 and

---

1. In its memorandum, the trial court stated that a limited license could be issued pursuant to Minn.Stat. § 169.123, subd. 9 (1982). This provision, however, was repealed effective August 31, 1984. *See* 1984 Minn.Laws ch. 622, § 26. All limited licenses are now issued pursuant to Minn.Stat. § 171.30 (1984).

171.14 even though cancellations are not specifically included. *Pruszinske v. State, Commissioner of Public Safety*, 330 N.W.2d 887, 889–90 (Minn.1983).

Sullivan held a Class A license which was indefinitely denied under section 171.04(8). Section 171.30, subd. 3, explicitly states that it does not apply to licenses denied under section 171.04(4) (drug-dependent persons); (5) (legally incompetent persons); (6) (persons who have not passed a required examination); and (9) (persons suffering from a physical or mental disability or disease). Section 171.04(8) is not included in this list.

■ The language of section 171.30, subd. 3, is mandatory in that the Commissioner *shall* issue a limited Class A license for work-related purposes. The legislature has defined "shall" as meaning mandatory. *See* Minn.Stat. § 645.44, subd. 16 (1984). Sullivan held a Class A license and his violations were not work-related, but, instead, were the result of the use of a private motor vehicle.

■ The Commissioner argues that its decisions are accorded much discretion, relying on our recent decision in *Schultz v. Commissioner of Public Safety*, 365 N.W.2d 304 (Minn.Ct.App.1985). This case is not dispositive of the issue. Although Schultz's employment required a valid driver's license, nowhere in the opinion do the facts indicate that a Class A or Class B license was at issue. Assuming a Class A or Class B license was not involved, a limited license would not have been issued pursuant to section 171.30, subd. 3. Instead, Schultz's request for a license would have been pursuant to section 171.30, subd. 1, a discretionary statute. *See also Hintz v. Commissioner of Public Safety*, 364 N.W.2d 486 (Minn.Ct.App.1985) (Limited license denied pursuant to section 171.30, subd. 1, not subd. 3).

■ The Commissioner also claims that those persons whose driving is "inimical to public safety" are so far beyond the pale that it was not considered necessary to list section 171.04(8) in section 171.30. This

argument has no merit. The language of section 171.30, subd. 3, is "clear and free from all ambiguity." *See* Minn.Stat. § 645.16 (1984). Accordingly, the Commissioner's refusal to issue a limited Class A license to Sullivan was an abuse of discretion.

## II

The trial court ordered the issuance of a limited license so that, if the need arises, Sullivan can drive to and from chemical dependency counseling and treatment. The trial court took into consideration Sullivan's driving record, the number of years as a truck driver and the fact that Sullivan's two DWI convictions are more than ten years old. This portion of the court's order reversed, in effect, the Commissioner's determination that no limited license shall issue.

■ Section 171.30, subd. 3, authorizes a limited license "restricted to the vehicles whose operation is permitted only under a Class A or Class B license * * *." Minn. Stat. § 171.30, subd. 3. It does not authorize the issuance of a limited license to drive to and from work, chemical dependency treatment or counseling programs. A limited license for these purposes must be issued pursuant to Minn.Stat. § 171.30, subd. 1 (1984), which provides:

[T]he commissioner *may* at his own discretion issue a limited license to the driver including under the following conditions:

(1) if the driver's livelihood or attendance at a chemical dependency treatment or counseling program depends upon the use of the driver's license * * *.

\* \* \* \* \* \*

In determining whether to issue a limited license, the commissioner shall consider the number and the seriousness of prior convictions and the entire driving record of the driver and shall consider the number of miles driven by the driver annually.

*Id.* (emphasis added). This is a discretionary statute. The Commissioner's decision to deny a limited license under this provision is accorded much deference. Whenever the Commissioner cancelled a license and denied reinstatement because of three alcohol-related driving incidents or four incidents on record, the supreme court and this court have generally affirmed the Commissioner's policy. *See State v. Hanson,* 356 N.W.2d at 693; *Pruszinske,* 330 N.W.2d at 890; *Byrd v. Commissioner of Public Safety,* 348 N.W.2d 402, 404 (Minn.Ct.App. 1984) (denial of limited license not arbitrary and capricious even though employment required a valid license). Additionally, the Commissioner properly considered Sullivan's two DWI convictions even though they are more than ten years old. *See Schumann v. State, Department of Public Safety,* 367 N.W.2d 688, 690 (Minn.Ct. App.1985).

The trial court exceeded its authority when it ordered the issuance of a limited license not restricted to Class A privileges (work-related activities).

> The fact that the trial court would have decided the case differently, does not mean the trial court can substitute its judgment for that of the Commissioner.

*Schultz,* 365 N.W.2d at 307.

The Commissioner claims the trial court erred when it issued the ex parte order requiring the issuance of a limited license pending the November 15 hearing. Even if it was error, the issue became moot when the trial court determined on the merits that a limited license should issue. After the November 15 hearing, the ex parte order had no effect.

## DECISION

The trial court's order ordering the issuance of a limited license for work-related driving is affirmed. That portion of the order allowing Sullivan driving privileges to and from treatment and counseling, however, is reversed.

Affirmed in part, reversed in part.