Jerry Hal SALITERMAN, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C2–85–2237.

Court of Appeals of Minnesota.

April 15, 1986.

Robert J. Milavetz, Scott C. Jackson, Dale O. Thornsjo, Brooklyn Center, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Appellant, whose driver's license was revoked for one year pursuant to the implied consent law, asserted that he had been advised that no limited license would be permitted until he served one-half of his one-year revocation. He brought a petition for a limited license, and the trial court dismissed the action and denied him relief. Appellant appeals from the order. We affirm.

## FACTS

On September 29, 1985, appellant refused to submit to a breath test to determine his alcohol concentration, and his license was revoked for one year pursuant to the implied consent law. Appellant's license had been revoked previously for an implied consent refusal on March 1, 1983.

Appellant, who is a salesperson, stated in an affidavit to the trial court that he travels approximately 60,000 miles yearly by automobile in his employment. He asserts that on September 30, 1985, he inquired of the Department of Public Safety the procedures he would have to follow to obtain a license for work purposes. He stated that a driver evaluator looked at his record and informed him that, because of his previous revocation, he would not be eligible to receive a limited license for work purposes for six months; he was informed that it was the policy of the Department of Public Safety to refuse to issue a limited license for work purposes to anyone who has had a revocation on implied consent grounds in the past five years; and he was told he could not retake the written and road tests until the six-month period had passed. He said he was not given an opportunity for a hearing on whether he would be eligible for a limited license.

Appellant filed a complaint in district court and made a motion that the court declare that he be permitted to take the tests necessary to qualify for the road test, and order that the Commissioner immediately issue to appellant a limited driver's license for work purposes upon his successful completion of the tests. The trial court treated the action as a petition for reinstatement of appellant's license under Minn.Stat. § 171.19 (1984).

The trial court found that the Commissioner conceded that if appellant was to apply for a limited license for work purposes, which he had not done, he would be denied issuance until six months of the revocation period had been served, in accordance with the policy uniformly applied to all recidivists. It also found that the Commissioner asserted that appellant did not take the driver's license examination again, pay the reinstatement fee, make an application for a limited license, pay the application fee for a new license, or undergo the alcohol problem assessment interview, or the "special review" required of all recidivists, all of which were prerequisites to the issuance of a new license, including a limited license. The court further found that appellant had not alleged the existence of any statute which entitled him to the issuance of a limited license.

The trial court dismissed appellant's petition for reinstatement of driving privileges,

and denied all relief. Appellant brings an appeal.

## ISSUES

Where the appellant never applied for a limited license from the Commissioner or met the necessary prerequisites for a limited license, is resort to the courts for relief premature?

## ANALYSIS

Appellant brought this action seeking a limited license for employment purposes while his license was revoked under the implied consent law. The action was treated by the trial court as a petition pursuant to Minn.Stat. § 171.19 (1984).

The law which governs the issuance of limited licenses provides in relevant part:

In any case where a person's license has been suspended under section 171.18 or revoked under sections 169.121, 169.-123, or 171.17, the commissioner may at his own discretion issue a limited license to the driver including under the following conditions:

(1) if the driver's livelihood * * * depends upon the use of the driver's license * * *.

    *     *     *     *     *     *

In determining whether to issue a limited license, the commissioner shall consider the number and the seriousness of prior convictions and the entire driving record of the driver and shall consider the number of miles driven by the driver annually.

Minn.Stat. § 171.30, subd. 1 (1984).

The Commissioner concedes, for purposes of the appeal, that appellant can demonstrate the need for the license.

■ Appellant in this case did not actually apply for a limited license, or meet any of the other prerequisites the Commissioner contends must be met prior to the issuance of a license at the time of the trial court hearing. *See* Minn.Stat. § 171.29; Minn.Stat. § 171.30, subd. 1. Appellant asserted at oral argument that he has now met the prerequisites. Our decision must be based on the record before the trial court, and not on the unsupported assertions of counsel at oral argument. *See Plowman v. Copeland, Buhl & Co., Ltd.,* 261 N.W.2d 581, 583 (Minn.1977).

■ Appellant argues that the Commissioner failed to exercise his discretion in refusing to issue appellant a limited license. It is difficult to see how this argument can be considered when the Commissioner did not actually have the opportunity to exercise his discretion as to this particular appellant. Regardless of the Commissioner's internal rules, appellant would not be entitled to a limited license unless he has met the prerequisites, and there was no showing that he had done so.

In *Pierce v. State,* 304 N.W.2d 332 (Minn.1981), the Commissioner denied a limited license based on the belief that in the particular circumstances involved, he had no authority to issue limited licenses; a trial court held that he abused his discretion. The supreme court determined that the Commissioner did have the authority, found the trial court's determination that he abused his discretion by failing to issue a limited license premature, and remanded the case to the Commissioner to determine whether a limited license should be issued. *Id.* at 335. While the case before the court does not involve a situation in which the Commissioner incorrectly believed he had no authority to issue a limited license, it does involve a situation in which the Commissioner did not have an opportunity to exercise his authority. *Pierce* indicates that the Commissioner should have an opportunity to exercise his discretion before a trial court rules on the question of whether the discretion was abused. Likewise, it would be premature for this court to rule on the issue of whether the Commissioner abused his discretion in the situation presented in this case.

## DECISION

The trial court properly dismissed appellant's action and denied relief because the action was brought prematurely.

Affirmed.