Timothy Lee STOFFEL,
petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CO–86–710.

Court of Appeals of Minnesota.

Sept. 30, 1986.

James M. Campbell, St. Paul, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Joel A. Watne, Lawrence Schultz, Sp. Asst. Attys. Gen. St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Timothy Lee Stoffel's driving privileges were revoked pursuant to Minn. Stat. § 169.123 (1984) and indefinitely denied pursuant to Minn.Stat. § 171.04(8) (1984). He was issued a limited license for work purposes, limited to the driving of vehicles with a gross weight in excess of 24,000 pounds. He petitioned the court for issuance of a limited Class A license permitting him to operate all motor vehicles owned by his employer. The trial court dismissed appellant's petition, and he appealed.

## FACTS

Appellant Timothy Lee Stoffel had implied consent violations on July 1, 1981, November 15, 1983, and October 26, 1985. His license was revoked pursuant to the implied consent law. Appellant's driving privileges were also denied under Minn. Stat. § 171.04(8) for at least one year, and until certain requirements were met.

Appellant, who is employed as a truck driver and who held a Class A license, applied for a limited license for work purposes. He was issued a limited license, subject to the condition that he drive only vehicles owned and designated by his employer, with a gross vehicle weight of 24,000 pounds or more. Appellant was required to drive a vehicle under 24,000 pounds, and thus could not operate the vehicle which he normally drove in the course of his employment with his limited license.

Appellant filed a petition to obtain a limited Class A license which would permit him to operate all motor vehicles owned by his employer. After a hearing, the trial court issued an order sustaining the Commissioner's actions and dismissing appellant's petition. This appeal is from the trial court's order.

## ISSUES

1. Does Minn.Stat. § 171.30, subd. 3, require the Commissioner to issue a limited license to appellant which would allow him to drive any vehicle in the course of his employment, or is it limited to vehicles whose operation is permitted only with a Class A or Class B license?

2. If the license issued pursuant to Minn.Stat. § 171.30, subd. 3, is limited to vehicles which can be driven only with a Class A or Class B license, is such a classification unconstitutional because it denies appellant equal protection of the law?

## ANALYSIS

1. The Commissioner denied appellant's driving privileges as "inimical to public safety" pursuant to Minn.Stat. § 171.04(8). The limited license was issued to appellant pursuant to Minn.Stat. § 171.30, subd. 3, which provides:

The commissioner shall issue a limited license restricted to the vehicles *whose operation is permitted only under a Class A or Class B license* whenever a Class A or Class B license has been suspended under section 171.18, or revoked under section 171.17, for violation of the highway traffic regulation act committed

in a private passenger motor vehicle. This subdivision shall not apply to any persons described in section 171.04, clauses (4), (5), (6) and (9).

Minn.Stat. § 171.30, subd. 3 (1984) (emphasis added). In *Sullivan v. Commissioner of Public Safety*, 371 N.W.2d 569 (Minn.Ct. App.1985), this court held that Minn.Stat. § 171.30, subd. 3, "is mandatory in that the Commissioner *shall* issue a limited Class A license for work-related purposes." 371 N.W.2d at 572 (emphasis in original). *Sullivan* did not address the issue which arises here.

Minn.Stat. § 171.02, subd. 2 (Supp.1985), classifies driver's licenses into three categories: Class C licenses apply primarily to single unit two-axle vehicles not in excess of 26,000 pounds, gross vehicle weight,[1] Class B licenses are valid for all vehicles in Class C and all other single unit vehicles including buses, and Class A licenses are valid for any vehicle. This system was adopted in the same act in which Minn.Stat. § 171.30, subd. 3, was adopted. 1971 Minn. Laws ch. 644, §§ 4, 15.

Appellant contends that a limited license issued under subdivision 3 should allow a driver with a Class A license to drive any vehicle for employment related purposes. He argues that the Commissioner is adding the words "by law" to subdivision 3 so that it reads as follows:

> The commissioner shall issue a limited license restricted to the vehicles whose operation is permitted [by law] only under a Class A or Class B license * * *.

He contends that it would be absurd to construe Minn.Stat. § 171.30, subd. 3, so as to prohibit small truck drivers from continuing their employment, while allowing large truck drivers to do so. He also contends that the legislature distinguished between a private passenger motor vehicle and other motor vehicles in subdivision 3, and that the distinction applies to the use

which may be made of the limited license. Finally, he argues that the intent of the legislature was to permit persons who drive for hire to continue to work even though their non-working driving privileges are withdrawn. We disagree.

The statute provides that the Commissioner shall issue a limited license to permit Class A licensees to drive those vehicles which only Class A and Class B license holders may drive. The language is clear and unambiguous and it is not necessary to insert the words "by law" to reach this conclusion. Under subdivision 1, a driver who wishes to obtain a limited license for work or certain other purposes may apply for one and the Commissioner, in his discretion, may issue such licenses and impose certain conditions. Minn.Stat. § 171.30, subd. 1 (1984). Under subdivision 3, persons who drive vehicles which require a Class A or Class B license may obtain a limited license to operate those vehicles which only persons with Class A or Class B licenses may operate. Presumably, rather than having various restrictions imposed by the Commissioner, the nature of the vehicle which may be driven only with a Class A or Class B license would restrict its use to employment purposes, when the driver would be subject to regulation by the employer.

The reference in the statute to private passenger motor vehicles refers only to the motor vehicle in which the violations occurred. There is no indication that it was meant to be the only limitation on a vehicle which may be driven with a subdivision 3 limited license.

■ Minn.Stat. § 171.30, subd. 3, is limited to issuance of limited licenses for vehicles which may be operated only with a Class A or Class B license. A person who wishes to obtain a limited license to drive any vehicle must apply under subdivision 1.

---

1. 1985 Minn. Laws ch. 291, § 19, increased the allowable weight from 24,000 to 26,000 pounds gross vehicle weight. This law became effective August 1, 1985. Minn.Stat. § 645.02 (1984). The limited license, issued December 5, 1985, which limits driving to vehicles with a gross vehicle weight of 24,000 pounds or more, apparently should have limited the driving to vehicles weighing 26,000 pounds or more pursuant to the amendment.

■ 2. Appellant also argues that the law as applied is unconstitutional and denies him equal protection. Every statute enjoys a presumption of constitutionality. *State v. Munnell,* 344 N.W.2d 883, 887 (Minn.Ct.App.1984). In *State v. Nordstrom,* 331 N.W.2d 901, 906 (Minn.1983), the supreme court addressed a challenge to Minn.Stat. § 169.121 (1982) on equal protection grounds and noted:

> The Constitutions of the United States and the State of Minnesota guarantee that every person shall be free from arbitrary and intentional discrimination, but we have not found such discrimination in a law where there is sufficient distinction between two classes of persons to justify applying rules to one class not applicable to the other, where there is a reasonable basis for that distinction, and where the classification is relevant to the purpose of the law.

In this case, the two classes are Class A drivers who have been granted a subdivision 3 limited license and drive a vehicle permitted only under a Class A or Class B license, and Class A drivers who have been granted a subdivision 3 limited license, and who do not drive a vehicle whose operation is permitted only under a Class A or Class B license. The appellant argues that this distinction is irrational. We disagree. The purpose of subdivision 3 is to allow certain drivers who commit a violation of a traffic law in their private passenger motor vehicle to nonetheless obtain a limited license to drive vehicles which may be driven only with a Class A or B license. These include vehicles over 26,000 pounds gross vehicle weight and buses. These vehicles are most likely be limited to employment purposes, when the driver is more likely to be regulated and supervised. This is relevant to the purpose of the law, which is to allow drivers, who otherwise would be prohibited from driving at all, to use their licenses for specified purposes. We note that Minn. Stat. § 171.30, subd. 1, gives the Commissioner the discretion to authorize a limited license for certain *purposes,* i.e., work, school, and chemical dependency rehabilitation. Subdivision 3 authorizes limited licenses only for the *types of vehicles* most likely to be used only for employment purposes. We find a reasonable basis for the distinction in the law, and that the classification is relevant to the purpose of the law. Appellant was not denied equal protection of the law.

### DECISION

The terms of appellant's limited license, imposed by the Commissioner and sustained by the trial court, are affirmed.

Affirmed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent for the following reasons:

1. Minn.Stat. § 171.30, subd. 3 "is mandatory in that the Commissioner *shall* issue a limited Class A license for work-related purposes." *Sullivan v. Commissioner of Public Safety,* 371 N.W.2d 569, 572 (Minn. Ct.App.1985) (emphasis in original).

2. The purpose of subdivision 3 is to allow drivers who possess a Class A or Class B license a limited license to continue to drive for employment purposes, when the violation which occurred was in a private passenger motor vehicle. I interpret subdivision 3 to allow a driver with a Class A license to drive any vehicle whose operation is permitted under the Class A license for work purposes. *See* Minn.Stat. § 171.-02, subd. 2(c) (Supp.1985).

3. The Commissioner is required to issue appellant, who possesses a Class A license and whose violations occurred in a private passenger motor vehicle, a limited license which will allow him to drive *any vehicle* during the course of his employment which may be driven with a Class A license. I agree with appellant that it is absurd and illogical to prohibit small truck drivers from their employment but permit over 26,000 pound gross weight trucks to be driven. Here the employer needed appellant to drive a small truck or van, not a vehicle of 26,000 pound gross weight. I would reverse the trial court and order the Commissioner to issue such a limited license to appellant.