Paul Joseph NORMAN,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C9-86-1838.

Court of Appeals of Minnesota.

April 21, 1987.

Michael M. Bader, Kampmeyer & O'Connor, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

The Commissioner of Public Safety appeals the trial court finding that exclusion of Class C licenses from the limited license privileges granted by Minn.Stat. § 171.30, subd. 3 (1984), violates the state and federal constitutions. We reverse.

## FACTS

On May 14, 1986, Paul Norman refused alcohol concentration testing, and the Commissioner of Public Safety revoked his Class C[1] driver's license for one year. He immediately re-took the written and driving portions of his test and requested a limited license for work purposes. A Commissioner's representative informed him that, as a holder of a Class C license with a prior DWI conviction in 1983, he would be unable to obtain a limited license until he had served one-half of the revocation period.

Norman is employed by ECOLAB, Inc., as a territory manager. He receives as part of his compensation a company passenger car and is expected to drive daily for employment purposes. He contends that his job is dependent upon his ability to operate a motor vehicle.

Norman filed a petition for reinstatement of his license.[2] *See* Minn.Stat. § 171.19. He also obtained a district court order for a temporary limited license for work-related purposes. At the hearing on the petition for reinstatement, the trial court found that the May 14, 1986, offense was a non-work-related traffic violation which occurred in a private passenger motor vehicle, a driver's license is essential to Norman's employment, and the omission of Class C license holders from the limited license provision of Minn.Stat. § 171.30, subd. 3, violates the Minnesota and United States Constitutions. The court continued the prior order granting Norman a limited work-related license, pending his eligibility for reinstatement to full driving privileges. The Commissioner of Public Safety appeals.

## ISSUES

1. Does Minn.Stat. § 171.30, subd. 3 (1984), which authorizes limited licenses for

---

1. Class C licenses apply primarily to single-unit, two-axle vehicles not in excess of 26,000 pounds gross vehicle weight; Class B licenses are valid for all vehicles in Class C and for all other single-unit vehicles, including buses; and Class A licenses are valid for any vehicle. Minn.Stat. § 171.02, subd. 2 (Supp.1985).

2. The Commissioner argued that the petition for reinstatement was not properly before the court under *Saliterman v. Commissioner of Public Safety,* 385 N.W.2d 49, 51 (Minn.Ct.App.1986). However, the cases are distinguishable because Norman, unlike Saliterman, actually applied for and was denied a limited license. The other prerequisites of limited license issuance are waived upon filing a petition for judicial review. If the revocation is sustained, then the waived requirements must be met before reinstatement.

Class A and B license holders, and which does not authorize similar limited licenses for Class C license holders, violate the equal protection clause?

2. Is Minn.R. 7503.1800, subp. 2, a valid and constitutional exercise of the Commissioner's rulemaking authority?

## ANALYSIS

### I

Minn.Stat. § 171.30 provides for the issuance of limited licenses in certain circumstances. Subdivision 3 requires the Commissioner to grant limited licenses

> restricted to the vehicles whose operation is permitted only under a Class A or Class B license whenever a Class A or Class B license has been suspended under section 171.18, or revoked under section 171.17, for violation of the highway traffic regulation act committed in a private passenger motor vehicle. * * *

Minn.Stat. § 171.30, subd. 3 (1984).

This court has already addressed and decided a constitutional challenge to the distinctions in subdivision 3 between the license classifications for limited license privileges. In *Stoffel v. Commissioner of Public Safety*, 393 N.W.2d 305, 308 (Minn. Ct.App.1986), this court upheld the constitutionality of restricting a Class A license holder to limited license privileges for vehicles included *only* in Class A and Class B, even though he was required to drive a Class C vehicle for his employment. Although there are factual differences between the two cases, they do not affect the constitutionality of the statute. Under *Stoffel*, the distinctions set forth in Minn. Stat. § 171.30, subd. 3, are reasonably based on the increased likelihood of employer regulation. We apply the holding of *Stoffel* and determine the exclusion of Class C licenses from the provisions of subdivision 3 does not violate equal protection.

### II

The Commissioner of Public Safety is authorized to promulgate permanent rules to carry out the provisions of Minn.Stat. §§ 169.121 and 169.123 (1984) and Minn.R. Ch. 7503 (Supp. No. 2 1986). These rules are subject to Minn.Stat. §§ 14.01–.20, 14.-29–.69 (1984). Minn.Stat. § 169.128 (Supp. 1985).

By statute, the legislature has clearly delegated responsibility and authority for the enforcement of the implied consent law to the Commissioner of Public Safety. *See* Minn.Stat. § 171.25 (1984). The courts recognize this area as the Commissioner's sphere of authority. *See State v. Moseng*, 254 Minn. 263, 95 N.W.2d 6 (1959); *Hintz v. Commissioner of Public Safety*, 364 N.W.2d 486, 491 (Minn.Ct.App.1985).

Minn.R. 750.1800, subp. 2 (1986), was promulgated in compliance with the Administrative Procedures Act and accordingly has the force and effect of law. *See* Minn.Stat. § 14.38, subd. 1 (1986).

The challenged rule provides in relevant part:

> No limited license shall be issued to any person incurring a second alcohol or controlled-substance related incident within five years or to any person with three alcohol or controlled-substance-related incidents on record unless one-half of the revocation period has expired, except that licenses shall be issued as required by Minnesota Statutes, section 171.30, subdivision 3, to class A or class B license holders authorizing the person to drive vehicles whose operation is permitted only under a class A or class B license when such a license has been suspended under Minnesota Statutes, section 171.18, or revoked under Minnesota Statutes, section 171.17, for a violation of the Highway Traffic Regulation Act committed in a private passenger vehicle.

Minn.R. 750.1800, subp. 2 (1986).

Norman argued that Minn.R. 7503.1800, subp. 2, was unconstitutional because it was a penal measure in conflict with the statute, it exceeded the Commissioner's statutory authority, and was arbitrary and capricious because it inhibited or removed the exercise of discretion.

We are not persuaded by these arguments. First, license revocation pro-

ceedings are civil matters, and suspension and revocation of licenses are not punishment but an exercise of police power for the protection of the public. *State Department of Highways v. Normandin,* 284 Minn. 24, 26, 169 N.W.2d 222, 224 (1969). The determination of whether to issue a limited license and under what circumstances such a license should be issued is also an exercise of police power for the protection of the public.

Second, the applicable statutes impose a broad rulemaking mandate on the Commissioner. Minn.Stat. §§ 169.128, 171.25 (1986). The requirement that a second-time offender should not be issued a limited license until one-half of the revocation period has expired is well within that statutory authority. Similarly, the rule, in defining a standard for application, is not an arbitrary or capricious restriction of the Commissioner's discretion. The purpose behind the rule—supervised and graduated penalties as a combined method of disincentive and rehabilitation—has a reasonable relation to the purpose of the implied consent law and is neither arbitrary nor capricious.

### DECISION

Reversed.