# SELLNER MANUFACTURING COMPANY, INC. v. COMMISSIONER OF TAXATION.

202 N. W. 2d 886.

December 8, 1972—No. 43471.

*Warren Spannaus,* Attorney General, and *John R. Kenefick,* Deputy Attorney General, for relator.

*Warren D. Chamberlain,* for respondent.

MacLaughlin, Justice.

Writ of certiorari to the Tax Court. The Tax Court reversed an order of the commissioner of taxation assessing additional sales taxes against respondent-taxpayer, Sellner Manufacturing Company, Inc., for the period August 1, 1967, through September 30, 1968. We affirm the Tax Court.

The issue is whether certain sales are exempt from the Minnesota sales tax by virtue of Minn. St. 297A.25, subd. 1, which provides, in pertinent part, as follows:

"The following are specifically exempted from the taxes im-

posed by sections 297A.01 to 297A.44 [relating to the sales and use tax]:

* * * * *

"(d)   The gross receipts from the sale of tangible personal property, the *ultimate destination* of which is outside the state of Minnesota and which is not thereafter returned to a point within Minnesota except in the course of interstate commerce." (Italics supplied.)

The taxpayer is a Minnesota corporation with offices in Faribault, Minnesota. Taxpayer manufactures, sells, and repairs the Tilt-a-Whirl (an amusement ride) and parts therefor, and equips, rebuilds, refurbishes, and sells conveyance trailers for the transportation thereof. In its normal course of business, taxpayer sells its products to amusement companies which are located throughout the United States. In the retail sales which are the subject of this review, customers domiciled outside Minnesota traveled to Faribault and took delivery of the purchased products at taxpayer's plant. The parties have stipulated to the following:

"* * * [I]n all of the retail sales [that are the subject of this appeal], the customers represented to [taxpayer] that the purchased products would be removed from the State of Minnesota by the customer immediately after taking delivery thereof, and that such products would not thereafter be returned to a point within Minnesota, except in the course of interstate commerce.

"* * * [I]n all [these sales], the purchased products were removed from the State of Minnesota by the customer immediately after taking delivery thereof, and that said products were not thereafter returned to a point within Minnesota, except in the course of interstate commerce.

"* * * [T]he sole issue * * * is whether [these sales] are exempted from the Minnesota sales tax by the provisions of [Minn. St. 297A.25, subd. 1(d)]."

The Tax Court concluded that these sales were exempted from

the Minnesota sales tax by § 297A.25, subd. 1(d) [hereafter 1(d)], set forth above.

On September 22, 1967, subsequent to the enactment of 1(d) in the 1967 legislative session, the commissioner of taxation promulgated Ruling No. 15:

"The exemption provided with respect to sales of property where the ultimate destination is outside the state, and where such property will not be returned to this state, except in the course of interstate commerce, is applicable only when the seller of such property delivers the property in question to a common carrier to such outstate destination, himself delivers the property to such outstate destination or places such property in the United States mail or parcel post directed to such purchaser outstate."

On March 6, 1969, the commissioner promulgated Sales and Use Tax Regulation No. 39:

"Good Faith Acceptance of Exemption Certificate
\* \* \* \* \* \*

"Where the sale is made to a person claiming that the sale of the property to him is exempt under Section 297A.25, Subd. 1(d) as property with an ultimate destination outside Minnesota, the seller will be relieved from the duty of collecting and remitting the tax otherwise due on sale of tangible personal property provided he delivers the property so sold to a common carrier for delivery to such outstate destination, or places the property in the United States mail or parcel post directed to such purchaser outstate, or delivers the property to such purchaser outstate by means of the seller's own delivery vehicles."

The issue resolves itself into a construction of 1(d) and, particularly, the words "the ultimate destination of which is outside the state of Minnesota." The Tax Court, in construing the term "ultimate destination," took the position that ultimate destination is not the point of delivery to the buyer, as contended by the commissioner in Ruling No. 15 and Regulation No. 39, but the

point at which the beneficial use of the product would take place.

The validity of the commissioner's interpretation of the statute must be tested by § 297A.29, which provides:

"The commissioner shall promulgate all needful rules and regulations for the administration and enforcement of sections 297A.01 to 297A.44 [relating to the sales and use tax] *not inconsistent* with its provisions and such regulations shall have the force and effect of law." (Italics supplied.)

We must determine whether Ruling No. 15 and Regulation No. 39 are consistent with 1(d). If they are not consistent, they are ineffective and do not have the force and effect of law. In making that determination, we must decide whether "place of delivery" is consistent with "ultimate destination." In Chesapeake & O. Ry. Co. v. Lavin, 136 Ky. 205, 124 S. W. 274 (1910), it was stated that the term "destination" meant place of delivery. However, in this case, the word destination is modified by the adjective ultimate. "Ultimate" is defined in Webster's New International Dictionary (3 ed. 1971), p. 2479, as "most remote in space or time * * * last in a progression: FINAL." The term ultimate destination assumes the possibility of at least one intermediate destination. If ultimate destination means place of delivery, as argued by the commissioner, it is difficult to conceive an "intermediate destination" between the sale and the place of delivery. The commissioner's interpretation leaves "ultimate" with no meaning. Under the Tax Court's interpretation, based on the place of "beneficial use," it is entirely possible to have an intermediate destination before reaching the ultimate destination. For example, when a purchaser takes delivery in Minnesota and either delivers the purchased item to a carrier or carries it himself to an ultimate destination outside of Minnesota, the intermediate destination is the point of delivery.

The commissioner contends that "ultimate destination" should be interpreted from the viewpoint of the vendor. He argues that the law imposes an obligation on the vendor to collect the sales

tax; the responsibility is upon the vendor at the time of the sale to determine if the tax is due; and, therefore, it is extremely important to have an objective standard available to vendors which can be applied by them at the time of the sale. The commissioner concludes that his interpretation provides this objective standard and that it will result in uniformity and will be administratively simple to understand and enforce. Undoubtedly, the commissioner's Regulation No. 39 would lead to greater simplicity in the enforcement and administration of 1(d). The difficulty with the commissioner's position is that it ignores the legislature's use of the word "ultimate" to modify "destination." Under his interpretation, 1(d) applies only where the sale property (1) is delivered by the seller to a common carrier for delivery to an out-of-state destination, or (2) is placed by the seller in the United States mail or parcel post directed to an out-of-state purchaser, or (3) is delivered by the seller to the purchaser at a location outside the state. The sales involved here, where immediately after delivery the property was removed from Minnesota by the purchaser and was not thereafter returned to Minnesota except in the course of interstate commerce, are not included within the commissioner's regulation. We believe this to be inconsistent with the statute. The administrative difficulties cited by the commissioner are not insurmountable. Reasonable regulations consistent with this opinion which will resolve such problems and lessen the burden on vendors are no doubt feasible.

The commissioner further argues that revenues will be lost to the state if the Tax Court's interpretation is adopted instead of the commissioner's. It appears that any such loss will be minimal and, in any event, we are bound to follow the plain words of the statute.

We hold that the meaning of the term "ultimate destination" in § 297A.25, subd. 1(d), is the point at which the first beneficial use is made of the sale property. Therefore, the commissioner's Ruling No. 15 and Regulation No. 39 are inconsistent with and

have no reasonable basis in the statute, and the decision of the Tax Court is affirmed.

Affirmed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.