## MARIE GUERRERO v. ALVIN WAGNER AND ANOTHER.

246 N. W. 2d 838.

September 24, 1976—No. 46201.

*Brink, Sobolik & Severson* and *Robert K. Severson,* for relator.
*Warren Spannaus,* Attorney General, and *Winston Ehlmann,* Assistant Attorney General, amicus curiae, seeking affirmance.

Heard before Rogosheske, Peterson, and Todd, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.
The attorneys for Marie Guerrero, widow, achieved a settle-

ment of her claim for benefits under the Minnesota Workers' Compensation Act. The settlement, including attorneys fees, was approved by the compensation judge at Duluth, Minnesota. The file was forwarded to the main office at St. Paul. Thereafter, an amendment to the act setting a maximum limit upon the amount of attorneys fees which a compensation judge has authority to approve became effective. Pursuant thereto, the deputy commissioner reduced the attorneys fees which had been approved by the compensation judge herein. Mrs. Guerrero's attorneys, with her consent and in her name, obtained a writ of certiorari to review this action. We reverse.

The facts are not in dispute. Isidor Guerrero, husband of Marie, suffered a fatal cardiac arrest while employed as a piece worker hoeing sugar beets in Crookston, Minnesota. The Workers' Compensation Division advised his dependent by letter that, in the opinion of the insurance carrier, there was no relationship between his death and his employment. It further advised the dependent that she was entitled to a formal hearing on the issue and suggested she retain private counsel if she had any questions. Accordingly, she retained her present attorneys and executed a 25-percent contingent-fee agreement.

The attorneys investigated the claim and filed a petition for compensation benefits. The employer and insurer contested the claim, alleging that the deceased was an independent contractor and that his death resulted solely from a preexisting heart condition. Thereafter, the attorneys negotiated a settlement whereby $22,500 was to be paid to the widow. A stipulation of settlement was prepared and submitted to the compensation judge at Duluth. The stipulation provided for attorneys fees of $5,625 (25 percent of $22,500), and also for the payment of $320 to Mrs. Guerrero's attorneys as reimbursement of expenses. Mrs. Guerrero executed a separate document requesting the compensation board's approval of the stipulated amount of fees.

On July 7, 1975, the compensation judge approved the settlement but modified the attorneys fees by disallowing $20 of ex-

penses and computing the fees on the balance of the award after deduction of $300 allowable expenses, resulting in an adjusted fee allowance of $5,550. The file was forwarded to St. Paul with a routine recommendation for compensation board approval.

The law governing attorneys fees for compensation cases which was in effect at the time of the compensation judge's approval of the settlement was Minn. St. 1974, § 176.081,[1] providing that a claim for such fees would become valid and binding when approved in writing by either (1) the commissioner of the Department of Labor and Industry, (2) the compensation judge, or (3) the board.

Effective August 1, 1975, Minn. St. 1974, § 176.081, was amended by L. 1975, c. 359, § 7. Under the statute as modified,[2]

---

[1] The full text of that provision reads as follows: "No claim for legal services or disbursements pertaining to any demand made or suit or proceeding brought under the provisions of this chapter is an enforceable lien against the compensation or is valid or binding in any other respect unless approved in writing by the commissioner of the department of labor and industry, compensation judge, or commission, if the claim arises out of a proceeding for compensation under this chapter, or by the judge presiding at the trial in an action for damages, or by a judge of the district court in a settlement of a claim for damages without trial. If the employer or his insurer or the defendant is given written notice of such claims for legal services or disbursements, the same shall be a lien against the amount paid or payable as compensation, subject to determination of the amount and approval provided by this chapter."

[2] The full text of Minn. St. 176.081, as amended, reads in part as follows: "Subdivision 1. No claim for legal services or disbursements pertaining to any demand made or suit or proceeding brought under the provisions of this chapter is an enforceable lien against the compensation or is valid or binding in any other respect unless approved in writing by the deputy commissioner of the department of labor and industry in charge of workers' compensation, compensation judge, or commission, if the claim arises out of a proceeding for compensation under this chapter, or by the judge presiding at the trial in an action for damages, or by a judge of the district court in a settlement of a claim for damages without trial. A compensation judge shall in matters

a compensation judge has authority to approve only those attorneys fees which represent 25 percent or less of the first $4,000 of compensation awarded to the employee and 20 percent or less

before him have authority to approve a fee of up to 25 percent of the first $4,000 of compensation awarded to the employee and 20 percent of the next $20,000 of compensation awarded to employee. The workers' compensation [board] shall have authority only to approve fees in settlements upon appeal before them up to 25 percent of the first $4,000 of compensation awarded to the employee and 20 percent of the next $20,000 of compensation awarded to the employee. If the employer or his insurer or the defendant is given written notice of such claims for legal services or disbursements, the same shall be a lien against the amount paid or payable as compensation, subject to determination of the amount and approval provided by this chapter.

"Subd. 2. Any application for attorney fees in excess of the amount which a compensation judge or the workers' compensation commission may authorize shall be made to the deputy commissioner of the department of labor and industry in charge of workers' compensation. The application shall set forth the fee requested and the basis for such request and whether or not a hearing is requested. The application, with affidavit of service upon the employee, shall be filed by the attorney requesting the fee. If a hearing is requested by an interested party, a hearing shall be set with notice of such hearing served upon known interested parties. In all cases the employee shall be served with notice of hearing.

"Subd. 3. An employee who is dissatisfied with his attorney fees, may file an application for review by the deputy commissioner of the department of labor and industry in charge of workers' compensation. Such application shall state the basis for the need of review and whether or not a hearing is requested. A copy of such application shall be served upon the attorney for the employee by the deputy and if a hearing is requested by either party, the matter shall be set for hearing. The notice of hearing shall be served upon known interested parties. The attorney for the employee shall be served with a notice of the hearing. The deputy commissioner of the department of labor and industry in charge of workers' compensation shall have the authority to raise the question of the issue of the attorney fees at any time upon his own motion and shall have continuing jurisdiction over attorney fees.

"Subd. 4. The review of a determination by the deputy commissioner of the department of labor and industry in charge of workers'

of the next $20,000 of such compensation. Attorneys fees in excess of these ceilings can be approved only by the deputy commissioner of the Department of Labor and Industry in charge of workers' compensation, and his determination is subject to review only by writ of certiorari to the supreme court on the ground that it is arbitrary and unwarranted by the evidence.

On August 14, 1975, the deputy commissioner and the chief counsel of the department, purporting to act under the amended version of § 176.081, reduced the amount of attorneys fees which had been approved by the compensation judge to $4,232.96. They arrived at this amount by deducting from the gross compensation award the $300 expenses previously allowed to the attorney, further deducting a $20 cost previously allowed by the compensation judge, and by further deducting the sum of $2,015.22, which they claimed represented Mrs. Guerrero's medical and funeral expenses, amounts traditionally not subject to an allowance of attorneys fees. This deduction was made despite the clear and explicit language of the settlement agreement that no reimbursement was being made for such expenses and that the employer and insurer denied liability for such expenses. The deputy commissioner and chief counsel calculated the attorneys fees based on the adjusted gross award in accordance with the percentage limits specified by the amended statute, resulting in the reduction from the $5,550 fee award which had been approved by the compensation judge to $4,232.96 (25 percent of the first $4,000, plus 20 percent of the remainder of the gross compensation award, or $16,164.78). Subject to this modification of the amount of attorneys fees, the stipulation for settlement was approved by the deputy commissioner and chief counsel.

Appeal on the issue of attorneys fees was taken to the Workers' Compensation Board, which dismissed the appeal, citing the

---

compensation shall be only by supreme court by certiorari upon the ground that it is arbitrary and unwarranted by the evidence. There shall be no review under [Minnesota Statutes, S]ections 176.421 and 176.442."

amended version of § 176.081 as divesting it of authority over attorneys fees. Upon petition of Mrs. Guerrero's attorneys, we granted certiorari. The employer and insurer claim no interest in this matter and Mrs. Guerrero has requested that the original allowance of attorneys fees approved by the compensation judge be affirmed. The attorney general has appeared amicus curiae to represent the interest of the department and takes a position adverse to that of the petitioner.

The sole issue presented to this court for review is: Did the deputy commissioner have authority, pursuant to the amended statute, to limit the attorneys fees which had been approved by the compensation judge prior to the effective date of the amended statute?

The pre-amendment version of § 176.081, as indicated previously, creates a valid lien for attorneys when the settlement has been approved in writing by either the commissioner, the compensation judge, or the board. In the present case, since the compensation judge approved the settlement while this statute was still in effect, it should follow that a valid lien on the settlement proceeds for the amount of attorneys fees specified therein was created at that point. However, the attorney general argues that under Rule 8(f) of the Workers' Compensation Board's Rules of Practice, which rule provides that compensation judges may not finally approve or disapprove stipulations for settlement in death claims, but may only submit recommendations to the commissioner,[3] the attorneys fees approved by the compensation judge did not create a valid and binding lien prior to being approved by the commissioner. The attorney general contends that Minn. St. 15.06(2) authorized the commissioner to delegate

---

[3] Rule 8(f) provides: "Compensation judges shall approve or disapprove stipulations for settlement of cases assigned to them except those involving death claims or the issue of permanent total disability or full final and complete settlements, which settlements together with documents or exhibits shall be referred to the Commissioner of the Department of Labor and Industry by the compensation judge with a detailed memorandum of the facts and his recommendations."

the power allegedly vested in him by Rule 8(f) to the deputy commissioner. Because we find Rule 8(f) contravenes the plain meaning of Minn. St. 176.081, and because it is elementary that an administrative regulation is only valid to the extent it is consistent with the statutory authority pursuant to which it was promulgated, see Minn. St. 15.0417, we reject the attorney general's contention.

Under the plain language of Minn. St. 1974, § 176.081, indisputably in effect on the date of the compensation judge's approval of the stipulated attorneys fees herein, such approval sufficed to render the lawyers' claim to that amount valid, binding, and enforceable. Yet Rule 8(f), by its terms and as the commissioner interprets it, purports to vest in the commissioner a form of veto power with regard to amounts already approved by the compensation judge. If Rule 8(f) were permitted to stand, the commissioner would have authority to reject a settlement despite the compensation judge's approval thereof, and following such rejection, the claim would presumably be returned to the compensation judge for further proceedings consistent with the commissioner's determination. The commissioner cannot lawfully, by means of an internal departmental rule, circumvent the statute's grant of authority to the compensation judge.[4]

Reversed and remanded with instructions to correct the approval of the settlement to reflect an allowance of $5,550 attorneys fees.

---

[4] Having disposed of the case on this basis, we need consider neither whether the commissioner could lawfully delegate his authority to the deputy commissioner, nor what effect Minn. St. 176.081, as amended by L. 1975, c. 359, § 7, has upon the decision-making authority of these various officials. The new law, which became effective August 1, 1975, has no impact on this case, even though the commissioner took his action regarding the settlement on August 14, 1975, since under the prior law, a valid lien on the settlement proceeds had become established as of July 7, 1975.