**Darrell Ellsworth VANG,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C2–88–1250.**

Court of Appeals of Minnesota.

Nov. 29, 1988.

Review Denied Dec. 30, 1988.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by RANDALL, P.J., and SHORT and HACHEY,* JJ.

## OPINION

SHORT, Judge.

Respondent's driving privileges were cancelled and denied pursuant to Minn.Stat. §§ 171.14 and 171.04(8) (1986) and Minn.R. 7503.1300, subpt. 2 (1987) because he had three alcohol-related driving incidents and a special review in approximately 6½ years. Respondent petitioned for reinstatement pursuant to Minn.Stat. § 171.19 (1986). The trial court ruled that (1) the Commissioner exceeded his authority by promulgating Minn.R. 7503.1300, subpt. 2, and (2) the challenged provision of the rule was unreasonable. The trial court reinstated respondent's driving privileges, and the Commissioner of Public Safety appeals.

## FACTS

Respondent Darrell Vang has three alcohol-related incidents on his record. His driving license was revoked under the DWI statute (Minn.Stat. § 169.121) for an offense committed December 31, 1980, and then under the implied consent statute (Minn.Stat. § 169.123) for incidents on September 7, 1984 and August 14, 1987. The three incidents occurred over a period of approximately 6½ years. After the second incident, respondent was required to undergo a "special review."[1]

As a result of the third alcohol-related incident, respondent was served with a notice and order of revocation for 90 days pursuant to Minn.Stat. § 169.123 (1986 & Supp.1987). The Department of Public Safety also issued respondent a notice of cancellation and denial of his driving privileges pursuant to Minn.Stat. § 171.04(8) (1986) and Minn.R. 7503.1300, subpt. 2

(1987). After the 90 days, respondent applied for reinstatement. He met all the requirements for immediate reinstatement of his license as a result of the revocation pursuant to Minn.Stat. § 169.123. However, he had not met the rehabilitation requirements contained in Minn.R. 7503.1700 resulting from the cancellation and denial of his license pursuant to Minn.Stat. §§ 171.14, 171.04(8) (1986) and Minn.R. 7503.1300, subpt. 2.

The Commissioner denied reinstatement of respondent's driving privileges, and respondent petitioned for reinstatement pursuant to Minn.Stat. § 171.19 (1986). The trial court held that the Commissioner exceeded his statutory authority by promulgating that part of Minn.R. 7503.1300, subpt. 2 (1987) under which respondent's license was cancelled and denied, and reinstated respondent's Minnesota driving privileges.

## ISSUES

1. Did the Commissioner of Public Safety exceed his statutory authority in promulgating that part of Minn.R. 7503.1300, subpt. 2 (1987) which authorizes cancellation and denial for a person who has incurred three alcohol-related driving incidents and a special review during the course of five or more years?

2. Is the challenged part of Minn.R. 7503.1300 invalid because it is unreasonable?

## ANALYSIS

■ The facts in this case are undisputed and the issues are purely legal ones. This court therefore need not give deference to the trial court decision. *See Berge v. Commissioner of Public Safety*, 374 N.W.2d 730, 732 (Minn.1985). Further, upon review of the administrative action of

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. When a person incurs two alcohol- or controlled-substance-related incidents within five years or has three or more incidents on record, the Commissioner requires the person to undergo a special review of the person's driving and chemical dependency problems. At this review,

the person is warned that future alcohol-related incidents could result in cancellation or total denial of all driving privileges. The person is asked to sign an "awareness slip" acknowledging the warning. *See* Minn.R. 7503.2100. Respondent underwent this special review, received the warning and signed an awareness slip.

promulgating rules, an appellate court conducts an independent review without according special deference to review by the trial court. *See Minnesota–Dakotas Retail Hardware Association v. State*, 279 N.W.2d 360, 363 (Minn.1979).

## I.

■■■ An administrative regulation is valid only to the extent it is consistent with the statutory authority pursuant to which it is promulgated. *Guerrero v. Wagner*, 310 Minn. 351, 357, 246 N.W.2d 838, 841 (1976). If a regulation is not consistent with the statute, it is ineffective and does not have the force and effect of law. *Sellner Manufacturing Co. v. Commissioner of Taxation*, 295 Minn. 71, 74, 202 N.W.2d 886, 888 (1972).

Respondent argues that the rule at issue is inconsistent with Minn.Stat. § 169.121, subd. 4 (Supp.1987), and the Commissioner has thus exceeded his rulemaking authority under Minn.Stat. § 169.128 (1986). The inconsistency, according to respondent, is that the statute requires revocation for three offenses within five years, while the rule permits cancellation and denial for three incidents in more than five years. We reject this argument because (1) it improperly relies on Minn.Stat. § 169.128 as the sole authority for the rule, and (2) it improperly interprets Minn.Stat. § 169.121, subd. 4 as circumscribing the Commissioner's authority to cancel or deny driving privileges.

Minn.R. 7503.1300, subpt. 2 (1987), provides that:

> The commissioner shall *cancel and deny* the driver's license or the driving privilege of any person who has incurred three alcohol- or controlled-substance-related *incidents* within the past five years or who has incurred three such incidents and a special review had been conducted prior to the third incident, or who has four or more such incidents on record.

(Emphasis added.)

Minn.Stat. § 169.121, subd. 4 (Supp.1987) provides in pertinent part:

> The commissioner of public safety shall *revoke* the driver's license of a person *convicted* of violating this section * * * as follows:
>
> *    *    *    *    *    *
>
> (c) Third *offense* in less than five years: not less than one year, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner;
>
> (d) Fourth or subsequent offense on the record: not less than two years, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner.

(Emphasis added.)

Minn.Stat. § 169.128 (1986) provides that:

> The commissioner of public safety may promulgate permanent rules to carry out the provisions of sections 169.121 and 169.123 and until December 31, 1985, emergency rules to implement any statutory changes enacted by the 1985 legislature pertaining to issues of implied consent and driving while under the influence. The rules may include forms for notice of intention to revoke, which shall describe clearly the right to a hearing, the procedure for requesting a hearing, and the consequences of failure to request a hearing; forms for revocation and notice of reinstatement of driving privileges as provided in section 169.1261; and forms for temporary licenses.

### A. The Commissioner Has Broad Rulemaking Authority.

■■■ We do not agree with respondent's view that the authority to promulgate the rule at issue must be found, if at all, in Minn.Stat. § 169.128. Other statutory provisions conferring rulemaking authority on the Commissioner are also relevant, and persuade us that Minn.R. 7503.1300, subpt. 2 is within the scope of the Commissioner's statutory authority.

In Minnesota Rules published by the revisor of statutes, the revisor's comment on statutory authority for Minn.R. 7503.1300 lists only Minn.Stat. § 169.128. We take the revisor's comment as informational, but

not conclusive or binding. *Cf.* Minn.Stat. § 645.49 (1986). We find additional statutory authority for the rule in Minn.Stat. § 171.015, subds. 1 and 2 and Minn.Stat. § 299A.01, subd. 6 (1986). The Commissioner has broad rulemaking authority and the rule at issue is well within the combined statutory authority set forth in Minn. Stat. § 299A.01, subd. 6, § 171.015, subds. 1 and 2 and § 169.128.

The legislature has delegated responsibility and enforcement of the driver's license laws to the Commissioner of Public Safety. This area is within the Commissioner's sphere of authority. *Norman v. Commissioner of Public Safety,* 404 N.W.2d 315, 317 (Minn.Ct.App.1987). The challenged provision of Rule 7503.1300 did not exceed the Commissioner's statutory authority.

B. Minn.Stat. § 169.121 does not circumscribe the Commissioner's authority to cancel or deny driving privileges.

■ Minn.Stat. § 169.121 requires the Commissioner to revoke a license for convictions under the DWI law in the circumstances described in the statute. Minn. Stat. § 169.121, subd. 4, does not speak to other situations under which the Commissioner is to revoke, such as incidents under the implied consent law. *See* Minn.Stat. § 169.123, subd. 4. Obviously the legislature did not intend Minn.Stat. § 169.121, subd. 4 to preclude revocation on other grounds or to limit or circumscribe the Commissioner's authority to cancel or deny driving privileges. Minn.Stat. § 169.121, subd. 4 speaks only to revocations for DWI convictions; it does not speak to revocation for incidents other than DWI convictions, or to cancellation for repeated DWI convictions or other incidents.

■ Revocation and cancellation are procedurally distinct and are not substantively grounded in identical statutes. *See* definitions at Minn.R. 7503.0100, subpts. 4 and 9. *Cf.* Minn.R. 7503.0700–.1200 with Minn.R. 7503.1300–.1600. Revocation pursuant to Minn.Stat. § 169.121, subd. 4 is an administrative penalty required upon conviction of driving under the influence of alcohol or controlled substance. *See State, Department of Public Safety v. Mulvihill,* 303 Minn. 361, 368, 227 N.W.2d 813, 817–18 (1975). It is improper for a court in a criminal proceeding to decide reinstatement of a cancellation or denial of driving privileges. *State v. Hanson,* 356 N.W.2d 689, 693 (Minn.1984). The distinction between these procedures further supports our conclusion that Minn.Stat. § 169.121, subd. 4 does not limit the authority of the Commissioner to cancel and deny under Minn.Stat. §§ 171.04(8) and 171.14.

We find additional support in the statutory references to the grounds for cancellation and denial. The legislature gave the Commissioner broad authority to cancel or deny in numerous situations that do not necessarily involve DWI convictions. Minn.Stat. § 171.04(8) provides that the department shall not issue a driver's license to any person when the Commissioner has good cause to believe the operation of a motor vehicle by such person would be inimical to public safety. Minn.Stat. § 171.14 authorizes the Commissioner to cancel a license when the person would not be authorized to receive one under Minn. Stat. § 171.04.

For these reasons, we do not find Minn. R. 7503.1300, subpt. 2 inconsistent with Minn.Stat. § 169.121. The statute speaks to revocation for DWI convictions, while the rule refers to cancellation and denial for incidents. The legislature did not intend the five year time limit for revoking a license to apply to cancellation or denial of a license by the Commissioner.

## II.

■ The trial court also determined that the rule at issue was unreasonable. Where a board or commission has been empowered to make regulations, the law is to be interpreted as though it conferred the power and right to make reasonable regulations. *Lee v. Delmont,* 228 Minn. 101, 110, 36 N.W.2d 530, 537 (1949).

■ A rule is reasonable if it is rationally related to the end sought to be achieved. *Blocher Outdoor Advertising*

*Co. v. Department of Transportation,* 347 N.W.2d 88, 91 (Minn.Ct.App.1984). In this case, the purpose of the rule is to remove inebriated drivers from the highways. *See Szczech v. Commissioner of Public Safety,* 343 N.W.2d 305, 306 (Minn.Ct.App.1984). Laws relating to drunk driving are remedial statutes intended for the protection of the public and are to be liberally construed toward that end. *Id.*

A rule requiring cancellation and denial of a driver's license after three alcohol-related driving incidents, when a review has been conducted after the second incident, is reasonable and rationally related to the end of removing inebriated drivers from the highways.

## DECISION

The order of the trial court reinstating respondent's driving privileges is reversed.

REVERSED.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent and would affirm the trial court. The majority states that the Commissioner of Public Safety did not exceed his statutory authority by promulgating Minn.R. 7503.1300, subpt. 2, and that Minn.Stat. § 169.121, subd. 4 (1986) does not prescribe the Commissioner's authority to cancel or deny driving privileges. I disagree and find that § 169.121 does limit the Commissioner's authority.

The majority claims that Minn.Stat. § 169.121, subd. 4, is applicable only when a person is "convicted" of "offenses." They state that this section imposes no constraints on the Commissioner's authority to "cancel" or "deny" a person's license under Minn.Stat. §§ 171.04(8) and 171.14. These latter statutes, upon which the majority rely, use only the general phrase "inimical to public safety." That phrase, standing alone, gives no real direction to the Commissioner.

Regardless of whether a person has committed "offenses" under the DWI statute, or "incidents" under the implied consent statute, Minnesota cases have recognized that the carefully delineated administrative penalties under § 169.121, subd. 4, are guidelines that the Commissioner is to follow in determining when a driver is "inimical to public safety." *See State v. Hanson,* 356 N.W.2d 689 (Minn.1984) (holding *three* related *incidents* in *five* years grounds for finding a driver inimical to public safety); *Hintz v. Commissioner of Public Safety,* 364 N.W.2d 486 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. May 20, 1985) (holding *six* DWI offenses on driver's record grounds for cancellation of license as inimical to public safety).

The majority here upholds the Commissioner's position that he can, in his sole discretion, deviate from the penalties of administrative cancellation as provided for in § 169.121, subd. 4. What the Commissioner does is change the legislative penalties provided in § 169.121, subd. 4(c) and (d), by adding a rule, Minn.R. 7503.1300, subpt. 2 (1987), which authorizes cancellation and denial for three alcohol-related driving incidents plus a special review whether those three incidents are within five years or within a lifetime. As the majority acknowledges, the Commissioner, on his own, requires a special review after two alcohol-related incidents within five years, or three any time. Thus, whenever a driver has a second alcohol related incident within five years, the Commissioner mandates a special review; when that driver gets a third alcohol related incident anytime in his lifetime, he now has three incidents plus a special review. Pursuant to the rule in question, the Commissioner claims the right to cancel and deny the driver's license even though the legislature indicated cancellation and denial only after four alcohol-related incidents in a lifetime, unless the first three are within a five-year period.

The question is not whether two, three, or four alcohol-related incidents, with or without a special review, in any particular time frame is reasonable. The legislature has the power to deem "inimical to public safety," as for instance, two speeding tickets plus two alcohol-related incidents within ten years or within a lifetime. The ques-

tion is, "Who has the power to pass laws and who has the power to implement them?" I agree with the trial court that the Commissioner is restricted to rulemaking to implement laws in existence, not create new ones.

The legislature may delegate rulemaking power to the Commissioner, but when it does the Commissioner must implement the statutory mandate of the legislature, not rewrite statutory authority to suit his own whim or caprice. *See Askildson v. Commissioner of Public Safety*, 403 N.W.2d 674, 677 (Minn.Ct.App.1987) (citing *Anderson v. Commissioner of Highways*, 267 Minn. 308, 311, 126 N.W.2d 778, 780 (1964). Section 169.121, subdivision 4(c) and (d) states, only three offenses in five years or four or more in a lifetime warrant revocation *together with denial* under § 171.04(8). The trial court found the Commissioner may not cancel a license, as here, where a driver had three incidents, but not within five years (the parties agree the time frame in question is six and one-half years).

The trial court held that Minn.Stat. § 169.128 is the controlling statutory authority which allows the Commissioner to promulgate rules to carry out the provisions of Minn.Stat. §§ 169.121 and 169.123. As the majority correctly notes, the reviser of statutes lists Minn.Stat. § 169.128 as the statutory authority for Minn.R. 7503.1300. Although I agree with the majority that the reviser of statutes comment is not conclusive, I find it is of value in tracing the origins of the Commissioner's authority.

The trial court held that § 169.121, subd. 4, controls as to when a person can be found to be "inimical to public safety" based solely on multiple alcohol-related incidents. The Commissioner's position is that he is not so bound, and could, in fact, theoretically go all the way down to one alcohol-related incident to trigger cancellation and denial if, in his discretion, he chose to do so. I do not find that argument persuasive.

Whether the Commissioner's rule is in excess of his statutory authority is a question of law wherein this court must discern the intent of the legislature in enacting Minn.Stat. § 169.121, subd. 4. *See* 1 C. Koch, Jr., *Administrative Law and Practice* § 918 at 49 (Supp.1987). The Supreme Court, too, has stated: "If a court, employing traditional tools of statutory construction, ascertains that [the legislature] had an intention on the precise question at issue, that intention is the law and must be given effect." *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 2781 n. 9 (1984). I would affirm the trial court[1] and

---

1. Pertinent portions of the trial court's findings of fact, conclusions of law, and memorandum are reprinted from Appellant's Brief and Appendix:

Findings of Fact:

1. The petitioner has three alcohol-related incidents on his record; (1) December 31, 1980, (2) September 7, 1984, and (3) August 14, 1987.

2. The three incidents occurred over a period of approximately six and one-half (6½) years. The Petitioner had a "special review" after the second incident.

* * * * * *

4. As a result of the three alcohol incidents on record and the fact that a "special review" was conducted after the second incident the Commissioner also cancelled Petitioner's license and denied him all driving privileges as "inimical to the public safety" pursuant to Minn.Stat. § 171.14, 171.04(8) and Minn. Rule § 7503.1300, subp. 1 and is requiring rehabilitation pursuant to Minn. Rule § 7503.1700 before reinstatement of Petitioner's license will be granted.

* * * * * *

8. The Commissioner exceeded his authority when he promulgated Minn. Rule § 7503.1300, subp. 2 by expanding the Rule to apply it to a person who has "incurred three such incidents and a special review has been conducted prior to the third incident."

Conclusions of Law

1. As a result of the Commissioner's exceeding his authority, that portion of Minn. Rule § 7503.1300, subp. 2 making the Rule applicable to a person who has "incurred three such incidents and a special review has been conducted prior to the third incident" has no force or effect.

2. The Petitioner is entitled to an order rescinding the cancellation and denial of his driving privileges.

Memorandum

Minnesota Rule part 7503.1300, subp. 2, requires the Commissioner to cancel and deny the driving privileges of any licensee who has incurred three alcohol-related incidents within a five year period, has had a third alcohol-related incident after having been through a special review or who has had four or more such inci-

hold that the Commissioner exceeded his defined statutory authority in Minn.Stat. § 169.121, subd. 4, by promulgating Minn. R. 7503.1300, subpt. 2.

dents on record. The Rule was enacted under the authority of Minnesota Statute Section 169.-128 which grants the Commissioner the power to promulgate permanent rules to carry out the provisions of Section 169.121 and 169.123.

This rule closely parallels the administrative penalties provided for in Minnesota Statute Section 169.121, subd. 4. That section states:

The commissioner of public safety shall revoke the driver's license of a person convicted of violating this section or an ordinance in conformity with it as follows:

(a) First offense: not less than 30 days;

(b) Second offense in less than five years: not less than 90 days and until the court has certified that treatment or rehabilitation has been successfully completed where prescribed in accordance with section 169.126;

(c) Third offense in less than five years: not less than one year, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner;

(d) Fourth or subsequent offense on the record: not less than two years, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner.

\* \* \* \* \* \*

The Court finds that the Commissioner exceeded his authority when he promulgated Minnesota Rule part 7503.1300, subp. 2. In order to be valid, a rule must be consistent with the statutory authority under which it was promulgated. *Guerrero v. Wagner,* 246 N.W.2d 838, 841 (Minn.1976). Rules that are inconsistent with the statute are ineffective and do not carry the force and effect of law. *Sellner Manu-*

*facturing Co., Inc. v. Commissioner of Taxation,* 202 N.W.2d 886, 888 (Minn.1972). The Rule cites Section 169.128 for its statutory authority. That section allows the Commissioner to promulgate rules which will help carry out the provisions of Sections 169.121 and 169.123. Neither Section 169.121 nor Section 169.123 provide for revocation coupled with cancellation and denial of a person's license after three alcohol-related incidents with a special review prior to the third incident (unless the incidents occurred within a five year time frame).

\* \* \* \* \* \*

In addition to being inconsistent, the Rule is also unreasonable. In order for a rule to be valid, it must be reasonable. *Juster Bros. v. Christgau,* 214 Minn. 108, 7 N.W.2d 501, 507 (1943). As the Petitioner points out, a person convicted of two alcohol-related incidents within one year would be required to undergo a special review. If that person were to have another alcohol-related incident thirty years later, the Rule would require cancellation and denial. Such an unsatisfactory result was clearly·not intended and that is why the legislature mandated cancellation and denial for three alcohol-related incidents only where the incidents occurred within a five year time period.

\* \* \* \* \* \*

In the case at bar, the mere fact that the Petitioner underwent a special review prior to the third incident does not support the finding that he is inimical to the public safety. This is especially so in light of the requirement of a special review after a second offense within five years. Without some other evidence to support the Commissioner's finding, it must be considered unreasonable as a matter of law.