LaVerne Myron WANGEN,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C8-88-1950.

Court of Appeals of Minnesota.

March 21, 1989.

Review Denied May 12, 1989.

James C. Whelpley, James Whelpley & Associates, Chtd., Roseville, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, C.J., and LANSING and IRVINE,* JJ.

## OPINION

L.J. IRVINE, Judge.

Appellant LaVerne Myron Wangen petitioned for reinstatement of his driving privileges, which had been revoked, cancelled, and indefinitely denied. The trial court denied relief and dismissed the petition. Wangen appeals from the trial court's order.

### FACTS

Appellant was convicted of DWI for incidents occurring on June 7, 1974, July 12, 1974, January 16, 1975, and November 23, 1975. Appellant's driver's license record indicates he completed rehabilitation requirements on December 28, 1976.

Appellant was convicted again for DWI for an incident on July 18, 1977. Appellant's driver's license record shows the second rehabilitation requirements were completed on April 27, 1979. Appellant was convicted of a sixth DWI violation for an incident which occurred on February 2, 1981. As a result, all his driving privileges were revoked, cancelled, and indefinitely denied as inimical to public safety effective February 17, 1981.

Appellant sought reinstatement from the Department of Public Safety on September

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

7, 1983, June 6, 1984, and December 31, 1984, pursuant to the former rule, under which reinstatement was a possibility. His requests were denied. On April 9, 1986, and May 20, 1986, appellant sought reinstatement again, and the Commissioner rejected both requests based on the current rule, Minn.Rule 7503.1700, subpt. 6, which prohibits reinstatement of driving privileges to any person who resumed use of alcohol following reinstatement after a second rehabilitation period.

Appellant petitioned for reinstatement to the trial court in 1986. The court dismissed the petition on the merits, concluding that appellant had not demonstrated the impropriety of the rule or its application to him. No appeal was taken from the order.

Appellant again sought reinstatement from the Commissioner on December 3, 1987. He submitted numerous affidavits in support of the application from friends, relatives, and fellow employees. The Commissioner again denied appellant's request.

Appellant petitioned for reinstatement to the trial court for a second time. At the hearing appellant testified that he is 50 years old, he last had a driver's license in 1981, and since that time he has neither driven nor consumed an alcoholic beverage. He explained that because he does not have a license, and he works from 6:00 p.m. to 2:00 a.m., his wife, who works full-time during the day, must take him to work and pick him up again at 2:00 a.m.

The trial court denied relief and dismissed the petition. It determined that appellant had not shown the Commissioner's construction and application of the applicable statutes were erroneous or contrary to legislative intent, and that he did not demonstrate the Commissioner exceeded his authority. It further found that appellant's challenge was barred by the doctrines of res judicata and collateral estoppel. Wangen appeals.

## ISSUES

1. Was appellant's second petition for reinstatement barred by res judicata and collateral estoppel?

2. Is Minn.R. 7503.1700, subpt. 6, which requires denial of the reinstatement the driver's license of a person who has consumed alcohol following a second rehabilitation, in excess of the Commissioner's statutory authority?

## ANALYSIS

### I.

■ The trial court ruled that appellant's challenge was barred by the doctrines of res judicata and collateral estoppel. In his first petition for reinstatement in 1986, appellant had two major arguments. First, he argued that the court should apply the former rule, under which the Commissioner had discretion as to whether to grant reinstatement when a person consumed alcohol after a second rehabilitation, rather than current rule, because he had been seeking reinstatement prior to adoption of the new rule. Second, he argued that under the facts he was entitled to reinstatement.

The general law regarding res judicata and collateral estoppel is as follows:

> A fundamental rule embodied in the related doctrines of res judicata and collateral estoppel is that a " 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction * * * cannot be disputed in a subsequent suit between the same parties or their privies * * *.' " * * * Under res judicata or "claim preclusion," a final judgment on the merits bars a second suit for the same claim by parties or their privies. * * * Under collateral estoppel or "issue preclusion," once an issue is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. * * * We have applied collateral estoppel where: "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4)

the estopped party was given a full and fair opportunity to be heard on the adjudicated issue."

*Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 902 (Minn.1984) (citations omitted).

Courts have not applied collateral estoppel and res judicata rigidly to the decisions of an administrative agency. "Both rules are qualified or rejected when their application would contravene an overriding public policy * * *." *Tipler v. E.I. duPont de-Nemours and Co.*, 443 F.2d 125, 128 (6th Cir.1971), *quoted in AFSCME Council 96 v. Arrowhead Regional Corrections Board*, 356 N.W.2d 295, 299 (Minn.1984). Further, the legislature may alter traditional res judicata practice. *In re Peoples Natural Gas Co.*, 358 N.W.2d 684, 689–90 (Minn.Ct.App.1984), *affirmed*, 389 N.W.2d 903 (Minn.1986); G. Beck, L. Bakken & T. Muck, *Minnesota Administrative Procedure* § 11.1 at 231 (1987).

In addition, the doctrine of res judicata may not be as applicable to administrative agencies as it is to courts because of fundamental differences between the two:

> Court decisions are reflected in a judgment which is docketed and final; the trial court's work is at an end with regard to the matter. In the administrative process, however, agencies typically exert continuing supervisory and regulatory jurisdiction over the affected person. In addition, administrative policies are in a constant state of change, and administrative decision-makers are not only adjudicating but often policy-making. Finally, administrative agencies are charged by a legislative body with protecting public health, safety, and welfare, not merely resolving past adjudicative facts in light of existing law.

W. Keppel & D. Gilbert, *Minnesota Administrative Practice and Procedure* § 624 at 119–20 (1982).

The statute which authorizes the petition for reinstatement envisions that a party may petition more than once; it provides that if the department is sustained, "the petitioner shall have no further right to make further petition to any court for the purpose of obtaining a driver's license until after the expiration of one year after the date of such hearing." Minn.Stat. § 171.19. A decision of whether to reinstate a person's driver's license is a recurring matter. We decline to apply the doctrine of res judicata to appellant's petition for reinstatement.

Collateral estoppel may apply to preclude relitigation of an identical issue. *Willems v. Commissioner of Public Safety*, 333 N.W.2d 619, 621–22 (Minn.1983). However, the issue which is determinative here is not identical to that raised in the first petition, and is therefore not barred by collateral estoppel.

## II.

■ Appellant argues that the rule precluding reinstatement of his driver's license was in excess of the Commissioner's statutory authority. Minn.Stat. § 171.19 (1986), which authorizes a person to petition for reinstatement of the driver's license, provides that the court may take evidence and examine the facts of the case to determine whether the person is entitled to a license.

The administrative rule under which the reinstatement of appellant's driver's license was denied provides in relevant part:

> The commissioner shall cancel and deny the driver's license and driving privilege of any person when there is sufficient cause to believe that the person has consumed alcohol or a controlled substance after completing rehabilitation. The commissioner shall not reinstate the driver's license or driving privilege of any person who has been reinstated following a second rehabilitation if the commissioner has sufficient cause to believe that the person has consumed alcohol or a controlled substance since the date that the second rehabilitation was completed.

Minn.R. 7503.1700, subpt. 6 (1987).

Drivers have made various challenges to rules promulgated by the Commissioner. *See, e.g., Askildson v. Commissioner of Public Safety*, 403 N.W.2d 674, 677 (Minn. Ct.App.1987), *pet. for rev. denied* (Minn. May 28, 1987) (upholding rule requiring

abstinence from alcohol as a condition of reinstatement of a driver's license). In *Pruszinske v. Commissioner of Public Safety*, 330 N.W.2d 887 (Minn.1983) under the then applicable rule, the Commissioner had a policy against issuing a limited license to all those falling within a certain category. The supreme court held that without implying that following this policy would never constitute an abuse of discretion, the application of the policy in the case before the court did not constitute an abuse of discretion. *Id.* at 890. *See Hintz v. Commissioner of Public Safety*, 364 N.W.2d 486 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. May 20, 1985).

In this case, however, the appellant is challenging the rule as being in excess of the Commissioner's statutory authority. In order to be valid, a rule must be consistent with the statutory authority under which it was promulgated. *Guerrero v. Wagner*, 310 Minn. 351, 357, 246 N.W.2d 838, 841 (1976). Rules which are inconsistent are ineffective and do not carry the force and effect of law. *Sellner Manufacturing Co., Inc. v. Commissioner of Taxation*, 295 Minn. 71, 74, 202 N.W.2d 886, 888 (1972); *Vang v. Commissioner of Public Safety*, 432 N.W.2d 203, 206 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. Dec. 30, 1988).

The statute, Minn.Stat. § 171.19, explicitly provides for a hearing, at which the trial court may take evidence and conduct a limited review of the Commissioner's determination. *Gardner v. Commissioner of Public Safety*, 423 N.W.2d 110, 113 (Minn. Ct.App.1988). The rule provides that the driver in appellant's situation is never entitled to reinstatement of his license. In effect, the driver is deprived of a right to a hearing on the matter. To the extent that the rule provides an absolute bar against consideration of reinstatement of appellant's driving privileges, it is in excess of statutory authority and is invalid. *Flores v. Department of Jobs and Training*, 411 N.W.2d 499, 504 (Minn.1987).

In light of this decision, it is not necessary to reach the other issues raised by the appellant.

## DECISION

That portion of Minn.R. 7503.1700, subpt. 6 (1987) providing an absolute bar against consideration of appellant's petition for reinstatement is invalid as being in excess of statutory authority.

REVERSED.

LANSING, J., dissents.

LANSING, Judge (dissenting).

I cannot agree with the analysis applied by the majority. Appellant received a hearing and the trial court determined he did not show that the Commissioner's construction and application of the statute was erroneous or contrary to legislative intent, and that he did not demonstrate the Commissioner exceeded his authority. Appellant has not been denied a § 171.19 hearing. Proper review of the determination of whether the rule exceeds the authority of the enabling statute should be made with reference to the enabling statute, not § 171.19.