**George STASNY, BY Lorraine STASNY, General Guardian, Petitioner,**

v.

**MINNESOTA DEPARTMENT OF COMMERCE, Respondent.**

**No. CO–91–267.**

Court of Appeals of Minnesota.

Aug. 13, 1991.

Review Dismissed Oct. 11, 1991.

Todd P. Young, St. Paul, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., Carolyn Ham, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Laura J. Hanson, Charles E. Spevacek, Minneapolis, for amicus curiae Federated Mut. Ins. Co.

Considered and decided by PETERSON, P.J., and FOLEY, and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Petitioner challenges the validity of Minn.R. 2740.1600, subpt. 2.A. (1989), arguing that the Commerce Department exceeded its authority in promulgating the rule because the rule conflicts with the enabling legislation, the Minnesota Comprehensive

Health Insurance Act of 1976, Minn.Stat. ch. 62E.

## FACTS

In 1976, the Minnesota legislature enacted the Comprehensive Health Insurance Act to provide for the establishment and administration of certain health insurance plans to make minimum health care benefits available to all Minnesotans. *See* 1976 Minn.Laws ch. 296, historical note. Minn. Stat. § 62E.09(i) (1978) directs the Commissioner of the Commerce Department to promulgate rules necessary to effectuate the Act.

Minn.Stat. § 62E.16 (1978) addresses an insurer's duty to offer individual conversion policies upon termination of a group health policy by the insurance provider. This section provides:

> Every program of self insurance, policy of group accident and health insurance or contract of coverage by a health maintenance organization written or renewed in this state, shall include, in addition to the provisions required by section 62A.17, the right to convert to an individual coverage qualified plan without the addition of underwriting restrictions if the individual insured leaves the group regardless of the reason for leaving the group, or upon cancellation or termination of the coverage for the group except where uninterrupted and continuous group coverage is otherwise provided to the group.

Minn.Stat. § 62A.17 (1978), referred to in Minn.Stat. § 62E.16, governs the duty to offer conversion policies upon termination of an insured's employment where the insured is covered under a group health policy for employees, and provides in relevant part:

> **62A.17 TERMINATION OF EMPLOYMENT.** Subdivision 1. **Continuation of coverage.** Every group insurance policy, group subscriber contract and health care plan included within the provisions of section 62A.16, except policies, contracts or health care plans covering employees of an agency of the federal government, shall contain a provision which permits every eligible employee whose employment is terminated, if the policy, contract or health care plan remains in force for active employees of the employer, to elect to continue the coverage for himself and his dependents.

> \* \* \* \* \* \*

> Subd. 6. **Conversion to individual policy.**

> \* \* \* \* \* \*

> The individual policy shall be renewable at the option of the individual as long as the individual is not covered under another qualified plan \* \* \* up to age 65 or to the day before the date of eligibility for coverage under [medicare].

In 1978, the Commissioner developed rules to effectuate Minn.Stat. ch. 62E, including Minn.R. 2740.1600 relating to Minn. Stat. § 62E.16. This rule provides, in relevant part:

> 2740.1600 **TERMINATION OF COVERAGE; CONVERSION PRIVILEGES.**

> \* \* \* \* \* \*

> Subpt. 2. **Duty to offer conversion policy or contract.** Duty to offer conversion policy or contracts:

> A. For the purposes of Minnesota Statutes, sections 62E.16 and 62A.17, an insurer, health maintenance organization, or self-insurer shall not be required to offer a conversion policy or contract to a person who is then covered by a qualified plan or eligible for medicare.

It is undisputed that proper procedures were followed in promulgating Minn.R. 2740.1600. The Commerce Department published a notice of hearing on September 25, 1978, proposing to adopt rules relating to Minn.Stat. ch. 62E. *See* 3 Minn.Admin.Reg. 612 (1978). Hearings were held. The hearing examiner issued a report finding Minn.R. 2740.1600 needed and reasonable, and recommending its adoption. The Commerce Department published its notice of adoption in the State Register on April 30, 1979. *See* 3 Minn.Admin.Reg. 1961 (1979). Minn.R. 2740.1600 became effective on May 5, 1979. *See id.*

With the enactment of the federal Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101–239, § 6202, 103 Stat. 2106, 2225–35 (1989), Congress reorganized the antidiscrimination provisions in the medicare section of the Social Security Act. These provisions prohibit group health plans from treating individuals who are eligible for or receive medicare differently than other insureds. *See* 42 U.S.C.A. § 1395y(b) (West Supp.1991). The Omnibus Budget Reconciliation Act of 1989 clarified and reorganized similar provisions introduced in the Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–509, § 9319, 100 Stat. 1874, 2010–13 (1986). The United States Department of Health and Human Services advised the Minnesota Commerce Department that certain provisions of Minn.Stat. § 62A.17 conflicted with the federal law, and that

[t]o the extent that the discriminatory provisions of Section 62A.17 are incorporated into Section 62E.16, the latter section would also conflict with Federal law.

Accordingly, the 1990 Minnesota legislature deleted the 'eligible for medicare' exception in Minn.Stat. § 62A.17, subd. 6 from the duty to offer conversion policies upon termination of employment. *See* 1990 Minn.Laws ch. 403, § 1. Since Minn.R. 2740.1600, subpt. 2.A. sets forth an exception paralleling that in Minn.Stat. § 62A.17, the Commerce Department commenced action to modify the rule. On July 30, 1990, the Department published a notice of its intent to modify the rule by deleting the language "or eligible for medicare." *See* 15 Minn.Admin.Reg. 253–54 (1990). The Department has not yet published a notice of adoption. *See* 15 Minn.Admin.Reg. 2661 (1991).

Federated Mutual Insurance Company (Federated) issued a group health insurance policy to the Minnesota Grocers Association which became effective on November 1, 1980. Petitioner George Stasny, owner of Stasny Food Market, was a member of the Association and covered under the group policy. Stasny suffered a stroke in January 1983, rendering him permanently disabled. Pursuant to the terms of the group policy, Federated has paid Stasny benefits of approximately $620,000.

Effective April 1, 1989, Federated terminated the policy with the Association because the number of participants in the policy fell below the required number of 200. Consistent with Minn.R. 2740.1600, the policy provided for conversion privileges when group coverage ceased, but individuals eligible for medicare were excepted from conversion privileges. Because Stasny was 67 years old and eligible for medicare when the group coverage ceased, Federated denied Stasny conversion privileges.

In 1989, George Stasny, by general guardian Lorraine Stasny, commenced a declaratory judgment and breach of contract action against Federated in Ramsey County District Court, seeking to compel Federated to issue a conversion policy to Stasny pursuant to Minn.Stat. § 62E.16 (1988). In July 1989, Stasny moved for summary judgment on the basis that Minn.R. 2740.1600, subpt. 2.A. is invalid because it is inconsistent with the enabling legislation, Minn.Stat. ch. 62E. In September 1989, Federated moved for summary judgment contending that the rule, and the consistent terms of its policy, are valid.

By order of August 3, 1990, the court denied both motions for summary judgment, but ruled that Stasny's motion could be renewed in the future. The court stated it believes Minn.R. 2740.1600, subpt. 2.A. is invalid because it conflicts with Minn.Stat. § 62E.16 but concluded it could not hold the rule invalid until the Department had an opportunity to be heard.

On January 2, 1991, Federated filed a motion for reconsideration of the rulings on the summary judgment motions. Federated asserted that the appropriate route to challenge the validity of the rule was by filing a declaratory judgment in the court of appeals.

On February 11, 1991, Stasny commenced this petition for a declaratory judgment pursuant to Minn.Stat. § 14.44 (1990) to challenge the validity of the rule. The trial court has deferred ruling on Federated's motion for reconsideration until after

the court of appeals issues a decision in this petition.

Although the Commerce Department is a party to this petition, it did not file a brief or participate in oral argument. By order of February 26, 1991, the Court of Appeals Special Term granted Federated's request for leave to file an amicus brief, and noting that the insurer is most closely aligned with the position of respondent, allowed Federated to participate in oral argument as a respondent.

## ISSUE

Is Minn.R. 2740.1600, subpt. 2.A. invalid because the Commerce Department exceeded its statutory authority in promulgating the rule?

## ANALYSIS

Petitioner Stasny argues that Minn.R. 2740.1600, subpt. 2.A. is invalid because it is not consistent with the enabling legislation, Minn.Stat. ch. 62E. We agree.

■ In a declaratory judgment action challenging the validity of a rule, the reviewing court shall declare the rule invalid if it finds that it exceeds the statutory authority of the agency. *See* Minn.Stat. §§ 14.44, 14.45 (1990).

An administrative regulation is valid only to the extent it is consistent with the statutory authority pursuant to which it is promulgated. If a regulation is not consistent with the statute, it is ineffective and does not have the force and effect of law.

*Vang v. Commissioner of Pub. Safety,* 432 N.W.2d 203, 206 (Minn.App.1988), *pet. for rev. denied* (Minn. Dec. 30, 1988) (citations omitted).

■ Petitioner argues that Minn.Stat. § 62E.16 did not authorize the Commissioner to promulgate a rule that excludes an individual from the right to convert to an individual policy when an insurance provider terminates group health coverage. Minn.Stat. § 62E.16 requires every group health insurance policy to include the right to convert to individual coverage plans without the addition of underwriting restrictions upon cancellation of the group plan. The only statutory exception to the requirement is when "continuous group coverage is otherwise provided to the group." Minn.Stat. § 62E.16.

In contrast, Minn.R. 2740.1600, subpt. 2.A. provides that an insurance provider

shall not be required to offer a conversion policy or contract to a person who is then covered by a qualified plan or eligible for medicare.

We find this rule inconsistent with the express language of the statute. We agree with the reasoning of the trial court, which addressed the issue in petitioner's separate action against Federated, stating:

The focus of the statute is on the group of insureds. Conversion is not required "where uninterrupted and continuous *group* coverage is otherwise provided to the *group*." [Emphasis supplied]. The only exception to conversion is where the group as a whole obtains uninterrupted and continuous group coverage.

That is not the situation [addressed in the exception for medicare-eligible persons in Minn.R. 2740.1600]. Medicare does not provide group coverage. As such, the rule * * * conflict[s] with the mandate expressed in Minn.Stat. Sec. 62E.16.

Federated, as amicus curiae, contends the provisions of Minn.Stat. § 62A.17 are incorporated into Minn.Stat. § 62E.16, so that the exception in Minn.Stat. § 62A.17 for individuals eligible for medicare is also incorporated into the requirements of Minn.Stat. § 62E.16. We disagree.

Minn.Stat. § 62E.16 provides that its requirements are "in addition to the provisions required by [Minn.Stat. §] 62A.17." However, Minn.Stat. §§ 62E.16 and 62A.17 impose distinct and separate requirements regarding conversion privileges. Minn.Stat. § 62E.16 requires that conversion privileges be offered upon cancellation or termination of a group health policy. *See* Minn.Stat. § 62E.16. Minn.Stat. § 62A.17, in contrast, requires that conversion privileges be offered to individuals insured by a group health policy covering a group of

employees upon termination of an insured's employment. *See* Minn.Stat. § 62A.17. Thus, the two statutory sections are triggered by distinct circumstances and affect different classes of insureds.

Further, Minn.Stat. §§ 62E.16 and 62A.17 both contain specific exceptions. Minn.Stat. § 62E.16 excepts from its requirements a group of insureds which receives uninterrupted and continuous coverage under another group policy. *See* Minn. Stat. § 62E.16. Minn.Stat. § 62A.17 excepts from its requirements persons eligible for medicare. *See* Minn.Stat. § 62A.17. No language in Minn.Stat. § 62E.16 indicates that the medicare-eligible exception of Minn.Stat. § 62A.17 should broadly apply to *both* statutory provisions. To the contrary, the distinct exceptions contained in Minn.Stat. §§ 62E.16 and 62A.17 reflect the legislature's intent to provide different exceptions for the separate requirements imposed under each statutory section.

Thus, Minn.Stat. § 62E.16 did not authorize the Commissioner to carve out an additional exception for persons eligible for medicare. We conclude that Minn.R. 2740.-1600, subpt. 2.A. is inconsistent with the statutory authority pursuant to which it was promulgated and is therefore invalid. Since we conclude Minn.R. 2740.1600 exceeded the Commissioner's statutory authority, we need not address petitioner's additional arguments for declaring the rule invalid.

### DECISION

The Commerce Department exceeded its authority in promulgating Minn.R. 2740.-1600, subpt. 2.A. because the rule conflicts with the enabling legislation, Minn.Stat. ch. 62E. Minn.R. 2740.1600, subpt. 2.A. is therefore invalid.

Rule declared invalid.